Pratt v. Brockett.

---

## O. C. PRATT v. H. P. BROCKETT.

1. EXAMINATION OF WITNESS; *Cross-Examination as to New Matter.* Where a witness, examined *in chief*, testified only, that certain cattle had not in fact been delivered by S. to B., and that such cattle were worth $25 per head, and testified to no other or further matters, the court did not err by refusing to permit such witness to testify on his *cross-examination* as to whether a certain alleged contract was entered into between S. and B. providing for an extension of the time for the delivery of such cattle.

2. CONTRACT; DELIVERY OF PROPERTY; *Specified Time; Demand.* Where S., for a sufficient consideration, agrees to deliver a certain number and kind of cattle to B., between the first and fifteenth of June of a certain

14—20 KAS.

year, and fails to so deliver them, *held*, that it is not necessary for B. to make a demand for such cattle before commencing an action against S. and his sureties for the damages sustained on account of their non-delivery.

3. JUDGMENT, *In Excess of Demand, Erroneous.* Where B., in an action for damages, claims a judgment for only $625, but the verdict and judgment are rendered in B.'s favor for $664.42, the judgment is erroneous so far as it exceeds $625.

### *Error from Chase District Court.*

BROCKETT had judgment against *Pratt,* at May Term 1876 of the district court, and *Pratt* appeals, and brings the case here on error.

*Sterry & Sedgwick,* for plaintiff in error.

*S. N. Wood,* and *J. G. Waters,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by H. P. Brockett against J. H. Snyder, as principal contractor, and O. C. Pratt, W. H. Cartler and G. W. Westlake as guarantors, upon a certain contract and guaranty, whereby it was agreed that Snyder should deliver to Brockett certain Texas cattle. That part of said contract which includes Snyder's agreement reads as follows:

Said Snyder, "the party of the second part, agrees, between the first and fifteenth day of June 1875, to deliver to the party of the first part twenty-five head of good, average Texan cows, from four to seven years old; each cow to be with calf, or have one at her side."

The consideration for this agreement was, a "black stallion horse, and a two-horse wagon." Said guaranty reads as follows:

"I hereby acknowledge myself security for J. H. Snyder on above contract, and I guarantee that he will comply with the same, and deliver the cows as agreed.    O. C. PRATT.
                                                "W. H. CARTLER.
                                                "G. W. WESTLAKE."

The plaintiff's petition set forth the foregoing facts, and

alleged that Snyder had failed to comply with his said contract, and failed to deliver said cattle, and then asked for a judgment for $625 damages. Snyder, Cartler, and Westlake made default; but Pratt answered, admitting in his answer the execution of said contract and guaranty, but alleging that after the execution thereof Brockett agreed with Snyder, the principal, for an extension of the time for the delivery of said cattle, and thereby released Pratt, as surety, from all obligation or liability on his said guaranty. The plaintiff replied to this answer by filing a general denial. A trial was had upon these pleadings before the court and a jury. The plaintiff was introduced as a witness in his own behalf. He testified in substance that said cattle were never

1. Examination of witness; cross-examination.
delivered, and that such cattle were worth $25 per head. This was all the evidence introduced in the case. The defendant offered to prove by this witness, on cross-examination, that he and Snyder had made a valid agreement for the extension of the time for the delivery of said cattle, but the plaintiff objected on the ground that it was not a proper subject of cross-examination, and the court below sustained the objection. This is the first ruling of the court below of which the plaintiff in error, who was defendant below, now complains. We think the ruling was correct.

After the plaintiff rested, the defendant demurred to the evidence, on the ground that it did not prove a cause of action. The court below overruled the demurrer. This is

2. Contract; delivery of property; demand.
the second ruling of which the plaintiff in error complains. We think that this ruling was also correct. The defendant claimed that no cause of action had been proved, merely because no demand for the cattle had been proved. The cattle however were not to be delivered upon demand. Snyder had no right to wait for a demand. It was his duty to deliver the cattle, or to tender them, or at least to try to tender them, at some time between the first and the fifteenth of June 1875, without waiting for any demand. They were not due on demand, but were due

without demand all the time from June 1st to June 15th; and after June 15th, they were over-due.

After said demurrer was overruled the case was submitted to the jury, and the jury found in favor of the plaintiff and against the defendant, and assessed the damages at $664.42.

*3. Judgment in excess of amount de-manded.* The defendant then moved the court for a new trial, upon various grounds, which motion was overruled, and the court then rendered judgment in favor of the plaintiff and against all the defendants for said sum of $664.42. The defendant Pratt now claims that this was error, and we think that in part it was. The plaintiff only claimed in his petition a judgment for $625, and this was all that the court could properly render a judgment for. The plaintiff Brockett however now offers to remit the excess over $625. The cause will therefore be remanded to the court below, with the order that said excess be deducted, and that the judgment be so modified as to make it a judgment for only $625, and costs.

The costs of this court will be equally divided between the parties.

All the Justices concurring.