## JAMES FRAZER v. E. C. BENTON.

INJUNCTION, *Not Erroneously Dissolved; Practice.* On the 10th day of December, 1879, plaintiff filed a petition in the district court of Smith county, to enjoin the defendant from selling or otherwise disposing of a certain promissory note and a chattel mortgage given to secure the same. A temporary injunction was allowed at the date of filing the petition, by the probate judge of the county. On December 30th, following, a motion was heard by the district judge to dissolve the injunction, on the ground that the facts stated in the petition were insufficient to justify the granting of the injunction. It was conceded that the petition was fatally defective, and an amended petition was presented, stating a good cause for an injunction, but sworn to on December 29th, 1879. No other affidavits were read. The district judge dissolved the injunction. *Held,* Not error, as it did not clearly appear that the facts stated in the amended petition existed on December 10th, 1879, at the time the order of injunction was allowed.

### Error from Smith District Court.

ACTION brought by *Frazer* against *Benton,* to enjoin the defendant from selling or otherwise disposing of a certain promissory note, and a chattel mortgage given to secure its payment. January 3, 1880, in vacation, the district judge sustained the defendant's motion to dissolve a temporary injunction theretofore allowed in said action by the probate judge. The plaintiff seeks to have this ruling reversed. Other facts appear in the opinion.

*Corn & Royce,* for plaintiff in error.

*Burr & White,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 10th day of December, 1879, plaintiff filed his petition in the district court of Smith county, to enjoin the defendant from selling or otherwise disposing of a certain promissory note of $300, and a chattel mortgage given to secure the same, all executed by plaintiff to defendant in 1879, in part payment of seventeen horses bought during that year of defendant by plaintiff. A temporary injunction was allowed by the probate judge of the county, on the same day the petition was filed. Application was made on December 30th, 1879, to the district judge of the district embracing Smith county, to vacate and dissolve this injunction. Upon a hearing at chambers, the motion was sustained and the injunction dissolved. This ruling the plaintiff seeks to have reversed.

It is conceded that the original petition was insufficient to support the injunction, but on Dec. 29th, 1879, an amended petition was filed. Both petitions were before the judge on the application to dissolve, and plaintiff claims that as he had a right to file an amended petition, and as such amended petition stated a good cause for an injunction, the motion should have been overruled and the injunction continued. Treating the amended petition as a petition and an affidavit, we see no error in the ruling of the judge in dissolving the injunction. It was improvidently granted in the first instance. A state of facts true on December 29th, 1879, the date of the jurat to the amended petition, may not have existed on December 10th, many days prior; hence, it cannot be said that the amended petition sustained the original injunction. Where an amended petition is filed to sustain an injunction theretofore granted, and to supply omissions or other defects in the original petition, and no other affidavits are presented to uphold the order of injunction, the oath thereto should show that the facts therein alleged are true at the date of the filing of the amended petition, and were also true at the filing of the original petition. The district judge, in his discre-

Comm'rs of Harvey Co. v. Munger.

tion, might have allowed the defendant time to file counter affidavits to the amended petition, and if it had not been overborne by an adverse showing, the injunction might have been continued. As the amended petition only purported to be true on December 29th, 1879, we cannot interfere with the order of the judge holding it insufficient. The judge had no right to refuse to consider the petition of December 29th as an amended petition, but his action was an immaterial error, as the facts therein stated were only alleged to be true on December 29th, long after the granting of the order of injunction intended to be upheld by such petition.

The order of the district judge will be affirmed.

· All the Justices concurring.