JAMES COX v. THE STATE OF KANSAS, *ex rel. Maria Wyatt.*

TERMS OF COURT; *Extrajudicial Proceedings.* Where the trial of a civil action was begun in the district court before a jury, with a judge *pro tem.* presiding, during the regular term of the court in that county, and not being finished when the term ended by operation of law, was proceeded with for two days thereafter and while the court was being held in an adjoining county of the same judicial district by the elected judge, in accordance with the legislative command, the entire proceedings of the trial after the commencement of the court in the adjoining county, are extrajudicial and void; and the commencement of the term of court in the adjoining county by the elected judge thereof suspended or closed the term of the first county. (*In re Millington*, 24 Kas. 214.)

*Error from Montgomery District Court.*

SEPTEMBER 27, 1882, in the district court, L. U. H., judge *pro tem.*, presiding, the defendant *Cox* was adjudged to be the father of the child of the unmarried relatrix, one Maria Wyatt, and ordered to pay her within ten days the sum of $150, and $100 annually thereafter until the child in question should reach the age of seven years, and also all the costs of the prosecution. *Cox* complains of the foregoing judgment, which he brings here for review. The facts are sufficiently disclosed in the opinion.

*J. D. McCue*, and *A. B. Clark*, for plaintiff in error.

*Hill & Pettibone*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was a proceeding under chapter 47, Comp. Laws 1879, providing for the maintenance of illegitimate children. The justice of the peace of Montgomery county, before whom the complaint was filed by one Maria Wyatt, an unmarried woman, on the hearing thereof adjudged the defendant to be the father of the child of the relatrix, and required him to enter into a recognizance to appear at the next term of the district court of the county, to answer the complaint. The proceeding was continued from time to time in the district court, until the September term for 1882. It then came on to be heard on the 22d day of September, before Hon. Lyman U. Humphrey, as judge *pro tem.* On Saturday, the 23d day of September, the case was continued over to Monday, the 25th, but was not concluded until the 27th. On that day the jury returned a verdict, finding the defendant guilty as charged. Thereupon the defendant filed a motion to set aside the verdict and for a new trial, which was overruled, and then he interposed a motion in arrest of judgment, for the following reasons:

"1. That there was no court having jurisdiction of the case at the time the verdict was returned.

"2. That there was no court having jurisdiction authorized to pronounce judgment upon said verdict.

"3. That the term of the district court of Montgomery county, Kansas, for the September, 1882, term of said court, expired on the 25th day of September, 1882, by the operation of law.

"4. That the form of the verdict is insufficient to sustain any judgment."

This motion was also overruled. The defendant was adjudged the father of the child of the relatrix, and ordered to pay her within ten days the sum of $150, and $100 annually thereafter until the child should reach the age of seven years, and also all the costs of the prosecution.

All of the proceedings after September 25th were void. The 26th day of September, 1882, was the day fixed by law for the commencement of the district court in Crawford county, and the *pro tem.* judge hearing this case had no authority to hold the district court in Montgomery county after the commencement of the district court in Crawford county, and while the elected judge was discharging the judicial duties devolving upon him in that county. The commencement of the term of the district court in Crawford county, on the 26th day of September, 1882, operated as a suspension of the duties of the district judge in all the other counties in his district. (*In re Millington*, 24 Kas. 214; *Tarpenning v. Cannon*, 28 Kas. 665.)

Counsel for the relatrix suggest that the verdict and judgment should stand, because the case was tried on the 26th and 27th days of September, with the consent of the parties. After the commencement of the term in Crawford county, which operated to suspend or close the district court of Montgomery county, the proceedings had before Hon. Lyman U. Humphrey were extrajudicial. On the 26th and 27th days of September, 1882, there was no district court or judge in Montgomery county competent to hear and try the case, and the consent of the parties to proceed with the trial on those days, under the circumstances of this case does not render the judgment valid. "A judge *pro tem.* is only a substitute,

and never a duplicate." (Cooley on Const. Lim. 399; *Mining Co. v. Howcutt*, 15 Reporter, 746.)

With the conclusion obtained, it is unnecessary to refer to the other questions presented.

The judgment of the district court will be reversed, and the cause remanded for a new trial, upon the complaint filed.

All the Justices concurring.