W. G. Williams, C. B. Campbell, M T. Johnson, H. B. Johnson and J. H. Tuttle, *partners as Bank of Minco,* v. Samuel Struss.

1. District Court—*Jurisdiction Single—But One Court Can Be Held in the Same District at the Same Time.* But one session of the district court can be held in a district at one and the same time. A judge *pro tem.* is always a substitute and never a duplicate, and the jurisdiction existing in a judicial district is single, indivisible and not susceptible of duplication.

2. Same—*Rule Applied.* In this Territory when a judge regularly assigned to one of the judicial districts into which the territory is divided, is assigned and appointed to go into one of the counties in another judicial district to sit, try, hear and determine a particular case therein, but no time is specified in the order at which the said cause shall be taken up for trial and begun, and no order has been made in the district court where said trial is to be had by which the cause is set for trial, but the case is, nevertheless, taken up for trial, the clerk of the court, sheriff and court stenographer being present, and at the same time, the judge regularly assigned to the judicial district in which said trial is had, continues to hold court during the same days and hours, the sessions of said courts being contemporaneous, and during said period, trial and judgment are had in a cause before the jury in a cause regularly assigned to be tried upon those days, prior to the time at which said special judge took up the case for trial to which he had been assigned, *held,* that the jurisdiction of the resident judge is not ousted by the fact that the visiting judge came into the district under the special assignment for the trial of the cause to which he had been so assigned.

*Error from the District Court of Canadian County.*

*W. H. Criley,* for plaintiffs in error.

*C. O. Blake* and *E. E. Blake,* for defendant in error.

The opinion of the court was delivered by

McATEE, J.:   This action was begun on the 20th day of December, 1893, in the district court of Canadian county, by the plaintiffs in error, plaintiffs below, against H. J. Boden and Samuel Strauss, to recover the amount due on two prommissory notes aggregating twenty-five hundred dollars.   Boden confessed judgment.   The defendant, Strauss, filed his answer alleging several defenses.

A trial of the case was had before Hon. John H. Burford, associate justice of the supreme court of this territory, assigned to the second judicial district, of which Canadian county was a part, and a jury obtained from a special venire issued on the 11th day of June, and empanneled on the 12th, and sitting for the hearing of the case during the 12th, 13th. and 14th days of June, 1894. Verdict for Strauss on June 14, and judgment on June 18, 1894.

On the 11th, 12th, 13th, 14th, 15th, 16th and 18th days of the month of June, 1894, during the entire progress of the trial in this case, Hon. John L. McAtee, another of the associate justices of the supreme court, regularly assigned to the Fifth judicial district, was presiding as Judge in the district court of said county, and with a jury duly drawn and empanneled, was engaged in the trial of a criminal action wherein the Territory of Oklahoma was plaintiff and Fred M. Beall was defendant; " by virtue of an assignment and appointment to sit, try, hear and determine said cause," by an order passed on the 7th day of June, 1894, by Hon. Frank Dale, chief justice, which order was made "upon application in said cause prior thereto for a change of judge."

The transcript of the journal of the court attached to the petition in error shows that the two actions were on

trial before the said two judges, respectively, on the same days in the same county and at the same time.

Error was assigned in this: That, (1) the court had no jurisdiction to try the said cause at the time the same was attempted to be tried; had no authority to empannel a jury and submit the issues to said jury, for the reason that at the said times Hon. John L. McAtee, associate justice, assigned to the Fifth judicial district, had been assigned by the chief justice of the supreme court of the Territory of Oklahoma, to preside as judge of the said distrtct court of said Canadian county in an action therein pending wherein the Territory of Oklahoma was plaintiff and Fred M. Beall was the defendant, and during all of the time that said action of these plaintiffs in error against the defendant in error was pending and being tried by the Hon. John H. Burford, as judge of said court, the said Hon. John. L. McAtee was presiding as judge of said court in the trial of said action of the Territory of Oklahoma against the said Fred M. Beall; that the trial of said action of these plaintiffs in error against the said defendant in error, was commenced before Hon. John H. Burford, as judge, while the said Hon. John L. McAtee was presiding as judge of said court; that said verdict was considered by the said jury and returned while he was so presiding, and the said judgment was rendered by the said Hon. John. H. Burford while the said action of the Territory of Oklahoma against Beall was in progress and being tried, and all of the proceedings in the said action of these plaintiffs in error against the defendant in error were from the commencement of said pretended trial to the date of said judgment, absolutely void from their inception; and (2), that the court erred in overruling the motion of plaintiffs for a new trial.

It is contended by the plaintiffs in error that the court had no valid existence at the time specified in the petition in error, and while the proceedings were being conducted in the case of *Territory v. Beall,* for the trial of which the said Hon. John L. McAtee, associate justice, had been assigned, and that notwithstanding the fact that all parties were well aware that the trial in the case of the *Territory v. Beall* was then pending, and that the parties to this cause with such knoweledge consented to the hearing in this case, that such consent did not confer jurisdiction and that the judgment was therefore *coram non judice.*

It is contended that, in as much as Associate Justice McAtee was designated by the chief justice of the territory to try the case of *Territory v. Beall,* that when the said associate justice from the Fifth judicial district came into Canadian county, of the Second judicial district, to try the said case, that the jurisdiction of the judge of the Second judicial district, who was then holding a term of the district court in said county, was, by that fact, ousted of jurisdiction.

In support of that proposition the leading authorities which are cited and relied upon are those of *Baisley v. Baisley,* 13 Pac. Rep. 888 [Ore.]; *In re Millington,* 24 Kan. 214; *Cox v. State,* 20 Kan. 202; *Earls v. Earls,* 27 Kan. 538, and Freeman on Judgments, § 121.

In the case of *In re Millington,* 24 Kan. 214, on May 13, 1880, an order was entered in the district court of Cowley county adjourning the court until May 17. That was the day fixed by law for the commencement of district court of Sedgwick county, a county in the same judicial district. The term commenced on that day and the regular judge being absent, a judge *pro tem,* was elected, under a provision of the statute of that state,

who held court on both the 17th and 18th. The regular judge was present in Cowley county, and assuming to hold court pursuant to adjournment on the 17th and 18th, and at the time the district court of Sedgwick county was in session.

It was held in that case that the term of the district court of Cowley county was, on those days, suspended and closed by the commencement of the term in Sedgwick county, and that consequently the proceedings in Cowley county were extra judicial and void.

The case of *Cox v. State*, 30 Kan. 202, presents a similar state of facts. The essential declaration of law in the case being, that:

"The commencement of a term of court in the adjoining county by the elected judge thereof suspended and closed the term in the first county."

The propositions of law settled in the syllabus of these cases do not bear upon the solution of the question here. It is, however, the law that "while a judge in one district may preside in another district *in place* of the judge of the latter district," that yet, "this does not authorize two judges to hold separate courts in the same district at the same time." Therefore an order made by a judge presiding out of his district at a time when the judge of the district where the order is made, is also holding court, therein is void; and no one can be punished for contempt of court in disobeying such order. (Freeman on Judgments, § 121.) And it was held by Judge Brewer in *In re Millington*, 24 Kan. 204, that:

"Whatever provision exists for judges *pro tem.* is not for the purpose of duplicating or increasing the judicial force, but to preserve a continuous though single force. They act for and in the absence, sickness or disqualification of the elected judge. *    *    Litigants are entitled to have this principle recognized and enforced. *    *    The

legislature provides for terms, in order to secure his personal attention to the litigation in each county,"

And following the argument and citing from the case of *Grable v. State,* 2 G. Green, 559, that:

"From the constitution of our judicial system, it is apparent that the court cannot be held in two counties in the same district on the same day, and by one and the same judge."

The court, Brewer, J., thereupon say that:

"So we say here, there is but one district court and one district judge in a district. The officer is not to be duplicated; and when a term commences in one county, the court everywhere else in the district is closed or suspended. A judge *pro tem.* is only a substitute, and never a duplicate."

While the provision for the election of a judge *pro tem.* which exists in the state of Kansas, is not provided for by any act of congress, yet we consider that this reasoning is applicable to the case provided for in the provision heretofore referred to made by act of congress, December 21, 1893, and found in 28 Statutes-at-Large, p. 20, that: "The supreme court of said Territory, (Oklahoma), or the chief justice thereof may designate any judge to try a particular case or cases in any district when the judge of said district has been of counsel or is of kin to either party to the action, or interested, or is biased or prejudiced in the cause, or for any other reason such judge is unable to hold court," and that the jurisdiction exercised within a judicial district is, under the common law, single and indivisable, not susceptible of duplication, and that the judge coming properly authorized from one district to another in this Territory for the purpose of holding court in a particular case, is only a substitute and not a duplicate, and that either one court or the other being held within Canadian county was without jurisdiction.

The question then remains for us to determine, whether, under the circumstances of this particular case, the jurisdiction of the Hon. John H. Burford, under the general and established assignment of the supreme court, as judge of the Second judicial district, was ousted by the appointment of the Hon. John L. McAtee, associate justice of the supreme court, assigned by the chief justice of the territory for the trial of the particular case of the *Territory v. Beall*, in Canadian county.

In addition to the facts heretofore stated, it is to be observed that the order of the chief justice making the appointment is in the following terms: "Now, therefore, I, Frank Dale, chief justice of Oklahoma Territory, by virtue of the authority in me vested by law, do hereby assign and appoint John L. McAtee, judge of the Fifth judicial district of the Territory of Oklahoma, to sit, try, hear and determine said cause," that is, of *Territory of Oklahoma v. Fred M. Beall*, pending in Canadian county, Oklahoma Territory.

The order does not specify any time at which the case shall be taken up for trial and begun. The copy of the record attached to the case made does not show that any order was ever made by the district court of Canadian county assigning the case of *The Territory v. Beall* for trial. The record does show the convening of the court on the 11th day of June, 1894, the appearance of the attorneys in the case, of an adjournment from the court room to "convene at the opera house for the trial of this cause at 2 o'clock P. M. of this day, June 18, 1894," and that the court thereafter did convene at the opera house, and the said Hon. John L. McAtee, associate justice of the supreme court and presiding judge of the Fifth judicial district of said territory, assigned by the Hon. Frank Dale, chief justice of the supreme court of said territory,

to try the case No. 203, the *Territory of Oklahoma v. Fred M. Beall.*   Present, also, Benjamin F. Hegler, clerk; Thomas R. Jackson, sheriff; Charles W. Beacom, court stenographer and A. H. Houston, county attorney for Logan county, said territory, from which the case had been removed.   Public proclamation herein being first duly made of the opening of court."   These proceedings appear in the journal entry signed by Hon. John L. McAtee, presiding judge in that case.

Thereupon, upon successive days, regular convenings and adjournments were had in the said case, the said judge presiding.

But the record also shows among the regular proceedings of the court, Hon. John H. Burford, presiding, that on June 5, 1894, the twenty-fifth judicial day of the May term, it was ordered that this case, then entitled in the journal the *Bank of Minco v. Strauss*, was ordered to be set for June 12, 1894, and that upon the said June 12, 1894, the case came on for trial; the parties, plaintiff by their attorneys, W. H. Criley and C. H. Carswell, being present, and the defendant, Samuel Strauss, in person, and by C. O. Blake and R. B. Forrest, his attorneys, and that " all parties announced ready for trial " and that " the court thereupon proceeded to summon a jury to try the case, the regular panel having been excused."   And the case proceeded regularly to trial and and judgment, no one objecting or dissenting.

We must pass upon this case upon the record as presented.   And inasmuch as the order assigning the judge of the Fifth judicial district to go to Canadian county and hear the case of *Territory v. Fred M. Beall*, did not specify a time at which the trial of that cause should begin, and the record does not show that any order was ever made by the district court of Canadian county

directing that the case of Fred M. Beall should be set for
any particular day, but that on the contrary, the case
now under examination was, in fact, set by the said court
upon the 5th day of June, to be heard and tried upon the
12th day of June, that the jurisdiction of the Hon. John
H. Burford, judge of the Second judicial district, was not
ousted by the coming of the judge of the Fifth judicial
district into Canadian county to hear the criminal case
referred to, while the judge of said district was holding
his regular term of court; and inasmuch as the case of
*Territory v. Beall* was afterwards tried and Beall was
acquitted, and he is dead, it cannot make any difference,
at least, in that case.

These conclusions are supported by the case of *Baisley
v. Baisley*, 13 Pac. 888, [Ore.], cited to us as a leading
case in the brief of the plaintiffs in error. This case
came on under an act of the state of Oregon of 1880,
providing that, "but one session of the circuit court"
shall be held in a county at one time. The facts were
that the judge of the circuit court was engaged in the
trial of an important case, and appointed a judge of
another circuit to hold court in the same county for the
trial of another case, at the same time, in a room near
the court house, upon which it was held that "the regu-
lar court for the county was in session and presided over
by Judge Ison at the court house, when the trial in this
case took place; and that but one circuit court could be
in session at the same time. * * * Judge Ison had
authority, when disqualified from holding the term, or
from trying a particular case, or unable to be at the
court, to call in another of the other circuit judges of the
state to preside in his place; but that the judge of an-
other circuit court could hold court; draw a jury from
the regular panel and try the case while the judge of the

district court was in full exercise of his judicial functions in the manner claimed, could not possibly be legal."

We, therefore, hold under the circumstances of this case, that the court which tried the case had jurisdiction. The argument of the plaintiffs in error rests upon this proposition, and the case will be affirmed.

Burford, J., who presided in the court below, not sitting; all the other justices concurring.