## PRIOR P. SMITH, *et al.* v. JOHNSON WHEELER.

1. APPEAL—*Limitation Thereon Void.* The Organic Act gives the right of appeal to the supreme court of this Territory from a'l final decisions of the district courts, and that part of § 4437 of the statutes of 1893 which d nies the right of appeal in certain cases, where the amount or value in controversy, exclusive of costs, shall not exceed one hundred dollars, is void.

2. DISTRAINT FOR RENT INAPPLICABLE   The common law right to distrain for rent is violative of the condition and wants of the people of this Territory, and is repugnant to the genius and spirit of our institutions, and is inapplicable and is not in force here.

3. LESSEE *—Debtor—Right to Prefer Creditors.* A lessee indebted for rent to his landlord is a debtor. and the landlord is a creditor. and the lessee has a right to secure by chattel mortgage of personal property situated on the premises, the debt of another of his creditors in preference to the landlord, and the landlord has no right to distrain for rent the property of the mortgagor so mortgaged.

*Error from the DistrictCourt of Kingfisher County.*

The defendant in error here, plaintiff below, brought his action before W. D. Hilton, justice of the peace of Kingfisher county, against the plaintiffs in error to recover judgment against defendants for the unlawful conversion of certain personal property in which he claimed the interest of mortgagee by virtue of a certain chattel mortgage executed by one J. D. Kelley. The defendants filed their answer in two paragraphs: *First,* a general denial, and *Second,* a plea that Kelley was a tenant of the defendants at the time of the alleged conversion, and that the defendants made distress upon the said premises of a portion of the property mentioned in plaintiff's complaint, for rent which was then due and unpaid. After judgment for plaintiff in the justice court, defendants appealed to the district court, where a demurrer to the second paragraph of defendants' answer was sustained, to which the defendants excepted. The

defendants then withdrew the first paragraph of their answer, and judgment was rendered for the plaintiff, on defendants agreement as to the amount thereof, for the sum of sixty-seven and fifty one-hundedths dollars. From this judgment defendants appeal.   Affirmed.

*Hobbs & Kane*, for plaintiffs in error.

*A. J. Jones*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.:   Defendant in error has moved this court for a dismissal of the appeal of the plaintiffs in error, on the ground that there is not one hundred dollars, exclusive of the costs, in controversy, and he relies upon general § 4436, § 559 of the Civil Procedure act, to sustain his motion.

This section provides: " No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars ($100), * * * *," except in certain cases, which does not include the one in controversy.

If it were within the province of the legislature of this Territory to provide in what cases appeals might be had, and in what cases they might not be had, this section of the statute would, of course, deny plaintiffs in error their right of appeal in this case, but our legislature has no such power.

Part of § 9 of the Organic Act of this Territory provides:

" Writs of error, bills of exception, and appeals shall be allowed in all cases from final decisions of said district courts, to the supreme court under such regulations as

may be prescribed by law, but in no case removed to the supreme court shall trial by jury be allowed in said court."

Now the judgment appealed from is a final decision of one of the district courts which are provided for by the Organic Act, and all the power the legislature has in the premises is to make regulations for taking such appeals. And the right to regulate the manner of taking such appeals does not give the legislature the right to deny them. The motion of the defendant in error is, therefore, overruled.

The contention of the plaintiffs in error is that the second paragraph of their answer stated a good defense, because the landlord has the common law right to distrain for rents due, and that this right, as the common law exists in this country, gives the landlord the right to seize, under such distress, personal property of the lessee upon the leased premises, even though the same had been mortgaged by the lessee.

We have no statute which in terms either grants the right to distrain for rent, as it existed at common law or as modified by English statutes, or abolishing the right to distrain for rent; one or the other of which statutes has been passed in many if not most of the states of the Union. But § 3874, which is § 2 of the Code of Civil Procedure of this Territory, provides:

"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general Statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."

The common law is, and has been since this statute took effect, August 14, 1893, (and this cause arose since then), in force in this Territory, under the terms and conditions of this section. Under this section the common law is in force in aid of the general Statutes, but it should not be so construed as to be violative of either the letter or spirit of the general Statutes, or of our laws and institutions.

The law of distraint for rent was one of the outgrowths, and one of the rigorous institutions, of the feudal system, under which the landlord was a nobleman and the tenant a serf. Under such a rule of action the tenant's property might be seized and taken from him by the landlord, without any adjudication or decree making him the landlord's debtor. The liberality of our laws does not, in spirit or in word, permit of such procedure.

In Montana the legislature adopted the common law, so far as it was applicable and of a general nature, as part of the law of that Territory, and under such an enactment the right to distrain for rent was claimed there, but was denied by the supreme court in the case of *Bohm v. Dunphy*, 1 Montana, 333, and was held to be inconsistent with our institutions, and particularly inapplicable in that territory.

This right was also denied in Massachusetts as early as 1827, in the case of *Butterfield v. Baker*, 5 Pickering, 522, which case was followed and approved in *Waite, appellant*, 7 Pickering, 100.

The right of the landlord to sieze the property of the tenant for the payment of rent, except by legal process, was denied in *Knox v. Hunt and Porter*, 18 Missouri, 243, although the statutes of that state gave the landlord a lien on the property for such rent. The court there said:

" A landlord has a lien upon the crops grown upon the demised premises in any year for the rent of that year, ( R. C. 1845), but this lien can only be enforced by process of law. "

Prior to 1846 it was frequently held in New York that the common law right of distress for rent existed in that state, but by an act that year passed by the legislature the right was abolished.

And it is worthy of notice that in the case of *Coburn v. Harvey*, 18 Wisconsin, 156, it was held by the supreme court of that state for the first time, contrary to the prior impressions of the judges of the court, that this right existed there, and that the legislature very promptly, two years thereafter, abolished the right.

In *Dutcher v Culver*, 24 Minnesota, 584, it appears that after a cause was submitted in the supreme court, and before the decision of the court was rendered, the legislature of that state abolished the common law right of distress for rent, as it was held in that case to have existed there before its abolishment.

These are but instances taken from some of the leading states of the Union, where the people long ago considered this summary process to be unnecessary to the needs of this country, and this example, as before suggested, has been followed in very many of the states.

Within the spirit and meaning of our Statutes the landlord is a creditor and the tenant a debtor. Sections 2657 and 2658 provide that a debtor is one who is, or may become, liable to pay money to another; and that a creditor is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money.

Our Code is ample in making provision for the litigation and determination of disputed rights, and contem-

plates that these disputes should be settled judicially before a claim is enforced.   Even with reference to chattel mortgages it is provided (§ 3264) that the mortgagor may, by application to, and an order made by, the jugde of the district court, require the mortgagee to foreclose his mortgage by an action in court.

Section 4290 provides for the foreclosure of a real estate mortgage or other lien or charge by suit in court, and expressly prohibits the sale of any real estate for the payment of money or the performance of any contract or agreement, in security for which it may have been pledged or assigned, except in pursuance of a judgment of a court of competent jurisdiction ordering such sale.

By arts. 2 and 4, ch. 39, of the Session Laws of Oklahoma of 1895, the articles and sections of our Civil Procedure act for the district and justice courts, providing for the arrest and bail of debtors who are committing frauds upon their creditors, were repealed, and the right to arrest fraudulent debtors taken away from creditors.

We simply give these instances to show that our Statutes are framed most liberally for the protection of the rights of the debtor, and there is nothing anywhere in the Statutes which evinces the desire on the part of the legislature to adopt any of the summary proceedings of the common law, and we do not believe it was intended to be done by the modified and careful adoption of the common law in this Territory.

Directly speaking, we think that the right to distrain for rent is not consistent with "the condition and wants of the people," nor with our institutions of government.

Furthermore, § 2659, Oklahoma, provides:

"In the absence of fraud, every contract of a debtor is valid against all his creditors, existing or subsequent,

who have not acquired a lien on the property affected by such contract."

Section 2660 provides:

"A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand, in preference to another."

Now the contract of lease between the plaintiffs in error and the debtor Kelley gave the landlords no lien whatever on the property of the tenant Kelley. Our Statute gives no lien for rent, and the common law right to distrain for rent was not a lien on the property, and the tenant might dispose of the property by selling and removing it from the premises at any time before the distraint was levied; and the landlord acquired no lien until he had actually seized the property of the tenant. (*Morgan v. Campbell,* 22 Wallace 381.)

Even if the right of distress existed here, which we do not believe it does, these plain statutory provisions gave the tenant the right to sell or mortgage his property to a general or particular creditor, at any time before the goods were seized, and there is no claim but what the unwarranted seizure of the plaintiffs in error was made after the chattel mortgage was given. There was no error in the court's overruling defendant's demurrer and in giving judgment against them. The judgment is affirmed with costs.

Burford, J., having presided in the case below, not sitting; all the other Justices concurring.