## GRAYSON v. PERRYMAN.

No. 963.   Opinion Filed December 14, 1909.

(106 Pac. 954.)

1. **APPEAL AND ERROR—Decisions Reviewable—Amount in Controversy.** Appeals and proceedings in error may be taken from the judgment of the district court to the Supreme Court regardless of the amount in controversy.

2. **JUDGES—Power to Hold Court in Another District.** The regular judge of any district may be designated to hold any term of court in any other district in the state.

3. **JUDGES—Presiding in Another District—Power to Settle Case-Made Without Trial District.** Where a judge from one district is designated to hold a term of court in another district and presides at the trial of a cause, within the extended time he may sign and settle the case-made in the state outside of the district in which the cause was tried.

4.    APPEAL AND ERROR—Dismissal — Failure to Serve Case-
Made. It neither appearing from the record nor aliunde that
the case-made was served on the opposite party or his at-
torney of record, or that such party or his attorney had notice
of the time and place of its presentation to the trial judge
for signing and settling, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Tulsa County; J. H. Pitchford, Judge.*

Action between Cleveland Grayson and Legus Perryman,
guardian. From the judgment, Grayson brings error. Dismissed.

Judgment was rendered in this action in the district court of
Tulsa county on the 26th day of May, A. D. 1909. On the 29th
day of May, A. D. 1909, motion for new trial was filed, and on
the same day overruled and exceptions saved, and the time for
making and serving case-made was extended to 60 days, and an
order issued providing that 5 days' notice should be given of the
time when the case-made would be presented for settlement. The
case was tried before John H. Pitchford, judge of the First
district, he having been duly assigned by order of the Chief Jus-
tice of the Supreme Court to hold a term of court at Tulsa with-
in the Twenty-first district. The case-made was signed and
settled on the 28th day of June, A. D. 1909. On the 26th day
of November, A. D. 1909, the defendant in error moved to dis-
miss the appeal on the grounds that (1) this court had no juris-
diction to entertain the same; (2) that the record shows that the
amount in controversy is insufficient to give this court jurisdiction
on appeal; (3) that the record fails to show that the amount
in controversy exceeds the sum of $100 in value, exclusive of
interest, costs, etc.; (4) that this cause was tried in the district
court of Tulsa county in the Twenty-first judicial district before
the Honorable J. H. Pitchford, judge of the First district, pre-
siding as judge; (5) that the case-made was not presented for
settlement to the trial judge within the Twenty-first district nor
during the term of court at which the same was tried, but was
presented to him, and the same was settled and signed in the city
of Tahlequah within the First district; (6) that the case-made
was settled by the trial judge without the Twenty-first district;

(7) that the case-made was never served on the defendant in error or his attorney, as provided by law; (8) that no notice of time and place of settling the case-made was served as required by law; (9) the notice of settlement and signing of the case-made herein does not state the place where the same will be submitted to the Honorable John H. Pitchford, Trial Judge.

*Bynum & Allen*, for plaintiff in error.
*W. J. Gregg*, for defendant in error.

WILLIAMS, J. (after stating facts as above). 1. Over 10 days have elapsed since the filing of the motion to dismiss the appeal in this case, and the plaintiff in error has made no response thereto.

The first three grounds raise the contention that the amount in controversy must exceed $100 exclusive of costs, etc., for this court to acquire jurisdiction of an appeal from the district court. These will be considered under one head. The Legislature of the state of Oklahoma not having passed any act thereon, the laws brought over from the territory of Oklahoma by virtue of the terms of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267 [U. S. Comp. St. Supp. 1909, p. 154] ) and section 2 of the Schedule of the Constitution control. In the case of *Smith et al. v. Wheeler*, 4 Okla. 138, 44 Pac. 203, that question is determined adversely to the contention of the defendant in error.

2. There is nothing in the fourth ground, as the judge of the First district had been duly assigned by the Chief Justice of this court to hold the term at which this action was tried in the Twenty-first district. See section 9, art. 7, Const.

3. The fifth and sixth grounds will be considered under one subdivision. The question of signing and settling a case-made by a district judge within this state, but outside of the district in which the trial was had, has neither been passed upon by the Supreme Court of the territory of Oklahoma nor of the State of Kansas. The cases of *Dunn v. Travis*, 45 Kan. 541, 26 Pac. 247, and *Blanchard v. U. S.*, 6 Okla. 587, 52 Pac. 736, involved the question where the district judge, whilst without the state or

territory, in the former case being in the state of Illinois and in the latter in the state of Colorado, signed an order, before the expiration of the time granted, for the settling and signing the case-made, granting a further extension, in such case, such order being a nullity.

Section 6 of article 6 of the Constitution of Alabama of 1875, provides that a circuit court shall be held in each county of the state, and the judges of the several circuits may hold court for each other when they deem it expedient, and shall do so when directed by law.

Section 9, art. 7, of the Constitution of Oklahoma, provides:

"In case of the illness of the judge elected in any district, or if for any other cause he shall be unable to preside in the district in which he was elected, the Chief Justice may designate any district judge in the state to hold any term of court in said district in lieu of the judge elected to hold the courts of said district."

He is not authorized by the Chief Justice, but selected from the regularly elected district judges of the state and designated to hold such term.

In the case of *Ex parte Nelson & Kelly*, 62 Ala. 376, in an opinion by the late Chief Justice Stone, the court said:

"They have the same official authority and power in one county as in another. Signing a bill of exceptions does not require the machinery of a court. It is the act of the judge, and it would seem that his sense of duty and his official restraints ought to be and are as binding in one part of the state as in another. The act of 1844, followed up by the sections of the different Codes, referred to above, has wrought one, and only one, change in this practice; that of the time within which the bill may be signed. So far as we are informed, this was the only abuse the Legislature proposed to remedy. They said nothing about place. Only the judge who presided at the trial could know what exceptions were reserved, and he alone could certify them. Another judge, although presiding a part of the time, could have no knowledge, and therefore could have no jurisdiction in the premises."

In the case of *Oliver v. Town et al.*, 24 Wis. 512, the court said:

"We can imagine no substantial objection to a circuit judge, either during his term or after his term of office has expired, settling a bill of exceptions outside of the judicial circuit for which he is elected and where the cause is tried. A circuit judge is a state officer, and has power, and is often called upon, to try causes out of his own circuit. Since the organization of the state government, the circuit judges have been accustomed to exchange in holding terms with their brethren on the bench, and their right and power so to do have been unquestioned, so far as we know. What valid reason can there be why a circuit judge may not try a cause in another circuit? And if he may try a cause in another circuit, why may he not settle a bill of exceptions outside his circuit, either during his term or after it has expired? It is said that it will work a hardship for parties to go outside their circuit to transact such judicial matters before a judge who is away from home on pleasure or business. But such cases of real hardship will rarely, if ever, occur."

A district judge in this state is a "state officer." *State ex rel. Maben v. Rosser, Judge*, 24 Okla. 588, 103 Pac. 674.

Under the foregoing provision of our Constitution, where judges are designated to hold terms of court in other districts, if it were jurisdictional that the case-made should be signed and settled only in the district in which the cause was tried, that would necessitate the judge's returning to the district for such purpose. The procuring of the judge to return to such district from his district would often result in inconvenience to the litigants in his district, and unnecessary expense to the state. Notice of the time and place of presentation of the case-made for settlement being essential, the mishaps and contingencies preventing the attendance of the trial judge in the district at such time and place might work many hardships, and result in the preventing of the preparation of the record for review. The decisions cited from Alabama and Wisconsin were decided nearly a half century ago, when steam and electric transportation facilities were not so common, and travel from one point to another for a reasonable distance could not be so quickly or economically made. The signing and settling of a case-made now and within the state, outside of such district, instead of working a hardship,

·under the circumstances results in a convenience and expedites the right of appeal. Reason, as well as authority, supports the rule that the judge may within the state sign and settle the case-made upon reasonable notice at any place in ·or without the district where the trial was had.

     4. The seventh, eighth, and· ninth· grounds relate to the serving of the case-made. The record does not show that the case-made was served on the defendant in error or his attorney of record. This was essential. On account of the failure to serve the case-made and to give notice of the time and place of its presentation for settlement, the motion is sustained. In all other respects, it is overruled.

     The appeal is dismissed.

     All the Justices concur.