## CO-OP. GIN & ELEVATOR CO. v. ASBURY.

No. 4016.   Opinion Filed November 18, 1913.

**APPEAL AND ERROR**—Record—Case-Made—Settlement. A judge pro tempore upon overruling a motion for a new trial and rendering final judgment allowed a certain time for making and serving a case-made, and fixed a time within which amendments were to be suggested, and ordered that it be settled upon three days' notice by either party. **Held,** that the term of office of such judge expired after the last day fixed for suggesting amendments, and a case-made settled by him after that time is a nullity.

(Syllabus by the Court.)

*Error from County Court, McClain County;*
*C. G. Moore, Judge pro tem.*

Action between the Co-Op. Gin & Elevator Company and M. S. Asbury. From the judgment, the Company brings error. Dismissed.

*Wallace & Rice,* for plaintiff in error.

*Carter & Cook,* for defendant in orror.

TURNER, J.   This cause was tried in the court below before a judge *pro tempore,* who, on December 4, 1911, overruled a motion for a new trial, and made and entered an order extending the time for plaintiff in error to make and serve a case-made for a period of 60 days from said date. In the same order plaintiff was given ten days thereafter to suggest amendments, the case-made to be signed and settled upon three day's notice by either party. But the same was not signed and settled by the judge *pro tempore* until the 2d day of May, 1912. The motion of defendant in error to dismiss, on the ground that the judge *pro tempore* was without power to sign and settle the

case-made after the time fixed in the order had expired, is sustained. *City of Shawnee v. State Publishing Co. et al.,* 33 Okla. 363, 125 Pac. 462; *Missouri Pacific Ry. Co. v. Preston,* 63 Kan. 819, 66 Pac. 1050.

HAYES, C. J., and KANE and LOOFBOURROW, JJ., concur; WILLIAMS, J., absent, and not participating.