DELOE *et al.* v. McMAHON *et al.*

No. 6960.    Opinion Filed February 2, 1915.

(146 Pac. 220.)

APPEAL AND ERROR—Case-Made—Settling and Signing—Judge Pro Tempore. Appeal dismissed upon the authority of City of Shawnee v. State Pub. Co. et al., 33 Okla. 363, 125 Pac. 462, 42 L. R. A. (N. S.) 616, and Co-operative Gin & Elev. Co. v. Asbury, 40 Okla. 141, 142 Pac. 802.

(Syllabus by the Court.)

*Appeal from District Court, Tulsa County;*

*L. M. Poe, Judge.*

Action between C. E. Deloe and others and J. V. McMahon

and others.  From the judgment, the parties first mentioned bring error.  Dismissed.

*Biddison & Campbell,* for plaintiffs in error.

*Geo. T. Brown,* for defendants in error.

KANE, C. J.  This cause comes on to be heard upon a motion to dismiss the appeal herein, filed by counsel for defendants in error.  It appears that the cause below was tried before H. B. Schaeffer, Esq., a member of the bar, as judge *pro tempore,* who was selected by a written stipulation between the parties.  The trial before the judge *pro tempore* resulted in a judgment for the defendants in error, whereupon plaintiffs in error filed a motion for new trial, and the same was by the judge *pro tempore* overruled on the 11th day of May, 1914.  In the order overruling the motion for a new trial, the judge *pro tempore* gave the plaintiffs in error "90 days within which to make case-made, plaintiffs to have 10 days thereafter to suggest amendments; same to be settled within 5 days' notice, in writing, from one party to the other."  The case-made was served upon the defendants in error on the 8th day of August, 1914, which was within the 90 days fixed for serving the same by the judge *pro tempore.*  No amendments were suggested by the defendants in error, and the plaintiffs in error did not serve the five days' notice upon defendants in error to settle the case-made, in compliance with the order of the trial judge.  On the 9th day of November, 1914, which was subsequent to the time fixed by the judge *pro tempore* for making and serving the case-made and within two days of the expiration of the six months within which an appeal must be perfected, the plaintiffs in error obtained an order from the regular judge of the district court in which said cause was tried, ordering that said case-made be settled upon 24 hours' notice.  On the following day, the 10th day of November, 1914, over the objections of the defendants in error, the judge *pro tempore* and the regular judge signed and settled the case-made which was filed in this court.

It seems that the case falls within the rule laid down by this court in *City of Shawnee v. State Pub. Co.*, 33 Okla. 363, 125 Pac. 462, 42 L. R. A. (N. S.) 616, and *Co-Operative Gin & Elev. Co. v. Asbury*, 40 Okla. 141, 142 Pac. 802, which hold, in effect, that the term of office of a judge *pro tempore* expires after the last day fixed for suggesting amendments, and that a case-made settled and signed by him after that time is a nullity.

Upon the authority of the foregoing cases, the motion to dismiss the appeal must be sustained. It is so ordered.

All the Justices concur.