## CURLEE *et al.* v. RULAND.

No. 6728. Opinion Filed June 1, 1915.

(149 Pac. 1149.)

APPEAL AND ERROR—Case-Made—Time to Make and Serve—Judges —Expiration of Term. The rule that, where a judge pro tempore makes an order allowing an extension of time to make and serve case-made, and for suggestion of amendments thereto, his term of office ceases upon the expiration of the time fixed for suggesting amendments, does not apply where one of the regularly elected district judges of the state is assigned to hold court in another district under the provisions of section 194, Williams' Annotated Constitution.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*T. L. Brown, Assigned Judge.*

Action between C. Z. Curlee and another and Harry F. Ruland. From the judgment the parties first mentioned bring error, and Ruland moves to dismiss. Motion overruled.

*Morgan & Deupree,* for plaintiffs in error.

*Keaton, Wells & Johnson* and *M. S. Singleton,* for defendant in error.

HARDY, J.   Defendant in error files motion to dismiss for the reason that the case-made herein was not settled and signed by the judge who tried the case at a time when he had authority or jurisdiction to do so. This case was tried before Hon. T. L. Brown, regular judge of the Second judicial district, who was assigned by the Chief Justice to hold a term of court in Oklahoma county. The trial commenced on the 12th day of February, 1914, the verdict being rendered on the 13th, motion for new trial filed the 13th, and overruled on the 14th, at which time plaintiff in error was allowed 60 days in which to

make and serve case-made upon defendant in error, he to have ten days thereafter in which to suggest amendments, and same to be signed and settled upon five days' notice in writing by either party. The case-made was served April 13, 1914, and defendant in error waived the right to suggest amendments, and consented that same might be settled and signed, and case-made was signed and settled on the 5th day of May, 1914, at Claremore, Okla., in the Second judicial district. The motion is based upon the position that Judge Brown was a special judge or judge *pro tempore,* and that under the former decisions of this court he had no jurisdiction or authority to settle and sign the case-made after the time fixed in the order of extension for suggesting amendments thereto, and in support of this position the cases of *City of Shawnee v. State Pub. Co.,* 33 Okla. 363, 125 Pac. 462, 42 L. R. A. (N. S.) 616; *Co-op. Gin & Elev. Co. v. Asbury,* 40 Okla. 141, 142 Pac. 802, and *Grayson v. Perryman,* 25 Okla. 339, 106 Pac. 954, are cited.

The authorities relied upon, in our judgment, do not support the contention of counsel. In *Grayson v. Perryman, supra,* the precise question there decided was:

"Where a judge from one district is designated to hold a term of court in another district and presides at the trial of a cause, within the extended time he may sign and settle the case-made in the state, outside of the district in which the cause was tried."

It is very apparent that the question considered by the court there was the authority of the judge to sign and settle the case-made outside of the district in which the case was tried, and that the authority of the judge under the circumstances to settle the case after the time fixed for suggesting amendments had expired was not presented to or decided by the court.

In the following cases: *Shawnee v. State Pub. Co. supra; Co-op. Gin & Elev. Co. v. Asbury, supra; Casner v. Wooley,* 28 Okla. 424, 114 Pac. 700; *Horner et al. v. Goltry & Sons,* 23 Okla. 905, 101 Pac. 1111; and *City of Shawnee v. Farrell,* 22 Okla. 652, 98 Pac. 942—the trial judge was selected for the trial of each particular case, and in none of those cases was the trial judge one of the regularly elected district judges of the state, and the question here under consideration was not presented to nor decided by the court in the decisions in any of those cases.

The latter part of section 9, art. 7, Constitution (section 194, Williams' Ann. Const.), is as follows:

"In case of the illness of the judge elected in any district, or if for any other cause he shall be unable to preside in the district in which he was elected, the Chief Justice may designate any district judge in the state to hold any term of court in said district in lieu of the judge elected to hold the courts of said district. Whenever the public business shall require it, the Chief Justice may appoint any district judge of the state to hold court in any district and two or more district judges may sit in any district separately at the same time. In the event any judge shall be disqualified for any reason from trying any case in his district, the parties to such case may agree upon a judge *pro tempore* to try the same, and if such parties cannot agree, at the request of either party a judge *pro tempore* may be elected by the members of the bar of the district, present at such term. If no election for judge *pro tempore* shall be had, the Chief Justice of the state shall designate some other district judge to try such case."

While this court has followed the rule announced by the Supreme Court of Kansas, with reference to the power of a judge *pro tempore* to sign and settle a case-made after the time fixed for suggesting amendments, and in so doing has held that he possesses no such authority, yet the same was very reluctantly done. In *City of Shawnee v. State Pub. Co., supra,* this language was used:

"The writer of this opinion, uncontrolled by the former decisions of this court and of the Supreme Court of Kansas, from which state our statute of procedure has been adopted, is of the opinion that the sounder and more just rule, and the one supported by the best reasoning, is that the power of a judge *pro tempore,* selected or appointed to try a cause in which the regular judge is disqualified, does not cease at the end of the trial, but that his power continues with sufficient authority in him to make any and all orders necessary for the final disposition of the cause, including any order that may be necessary, for lodging the case in the appellate court. * * * "

This expression of the writer of the opinion in that case well expresses the present views of the court upon this question, and, while we have adhered to the rule already established, we do not feel justified in extending the rule in its application any further than precedents require.

Under the foregoing constitutional provision it is seen that, upon the order of the Chief Justice, two or more district judges may sit in any district separately and at the same time. This was not the case in Oklahoma Territory, nor in Kansas, where the rule was first announced, which fact forms the basis for the holding that a judge *pro tempore* may not sign and settle a case-made after the expiration of the time fixed for suggesting amendments. In *Williams et al. v. Struss,* 4 Okla. 160, 44 Pac. 273, it was held:

"But one session of the district court can be held in the district at one and the same time. A judge *pro tempore* is always a substitute, and never a duplicate, and the jurisdiction existing in a judicial district is single, indivisible, and not susceptible of duplication."

This decision follows the Kansas cases, and cites *In re Millington,* 24 Kan. 214, and *Cox v. State,* 30 Kan. 202, 2 Pac. 155, in each of which cases it is held, as stated in 24 Kan. 214:

"Whatever provision exists for judges *pro tem.* is not for the purpose of duplicating or increasing the judicial force, but to preserve a continuous, though single, force. They act for and in the absence, sickness, or disqualification of the elected judge. * * * "

An examination of these decisions clearly discloses that under the Constitutional and statutory provisions existing no provision for two or more judges sitting separately in the same district at the same time was contained in the laws then under consideration. Nor did the court in any of those cases have a situation of this character in mind at the time the opinions cited were written. The judges of the various districts of this state are state officers, as held in *Maben v. Rosser*, 24 Okla. 588, 103 Pac. 674, and *Grayson v. Perryman, supra.*

In *A., T. & S. F. R. Co. v. Robinson*, 29 Okla. 706, 119 Pac. 238, Hon. John J. Carney, one of the judges of the Thirteenth district, had been assigned to hold court in Lincoln county by the Chief Justice, under the constitutional provision above quoted. The case was tried, and on April 30, 1910, defendant was allowed 60 days within which to make and serve case-made, plaintiff to have ten days in which to suggest amendments, and case-made to be settled upon five days' notice by either party to the other. On June 30, 1910, Hon. Roy Hoffman, the regular judge of the Tenth district, made an order allowing defendant 60 days' additional time within which to make and serve case-made, ten days to plaintiff to suggest amendments, case-made to be settled upon five days' notice. The case-made was served on the 27th day of August, 1910, and on September 3, 1910, attorneys for plaintiff therein suggested amendments, and on the same day notice that case-made would be presented for settlement to Judge Carney at his chambers at Oklahoma City, on September 12, 1910, was served, at which time and place case-made was settled and signed. In the opinion it is said:

"The attorney for the plaintiff moved to dismiss this proceeding in error on the grounds: First, that Judge Carney had ceased to hold court in the Tenth district court judicial district, under the original appointment by the Chief Justice, and therefore had no authority to settle the case-made outside of said district; second, that the time allowed the defendant in which to make and serve case-made having expired, together with the time to suggest amendments, such time was of the essence of his jurisdiction to settle and sign the same, and therefore he was without authority after the expiration of such time to settle and sign such case-made. The first proposition has been decided adversely to the movant's contention in *Grayson v. Perryman*, 25 Okla. 339, 106 Pac. 954. The second contention has also been determined adversely to him in the following Oklahoma cases: *Barnes v. Lynch*, 9 Okla. 11, 59 Pac. 995; *Burnett v. Davis*, 27 Okla. 124, 111 Pac. 191."

This case, with the authorities cited, we regard as squarely in point against the contention of defendant in error, as, under the facts of that case, the time for serving case-made expired on August 28, while the case-made was in fact not settled until September 12, 1910, which was after the time fixed by the order for suggesting amendments, and the case-made in that case was held to be valid, and it was further held that, upon the facts therein, the judge who tried the case was authorized to sign and settle the same.

The case of *Dobbs v. State*, 5 Okla. Cr. 480, 114 Pac. 358, 115 Pac. 370, decided by the Criminal Court of Appeals of this state, does not hold to the contrary view, and, while in the syllabus and in the opinion on rehearing that court refers to the judge who was assigned by the Chief Justice to try said case as a "judge *pro tempore*," yet we think this is an incorrect application of the term based upon the case of *Williams et al. v. Struss*. The precise question decided in that case was that the trial judge, who had been assigned to hold court outside of his district,

after he had vacated the bench, and after an order allowing an extension of time made by him had expired, was without power to grant an additional extension of time to make and serve case-made; which holding is in harmony with the former decisions of this court.

We therefore hold that, where the Chief Justice, by reason of the illness of the regular judge, or for any other cause the regular judge is unable to preside, has designated another district judge to hold any term of court in said district in lieu of the judge elected to hold court in said district, or whenever the public business shall require that the Chief Justice appoint a district judge to hold court in another district than his own, the rule contended for as applicable to judges *pro tempore* does not govern in such cases.

The motion to dismiss is, therefore, overruled.

All the Justices concur, except BROWN, J., absent and not participating.