## BILL BLUNT V. STATE.

No. A-78.   Opinion Filed February 3, 1910.

(106 Pac. 806.)

1.  **APPEAL—Notice—Appearance by Attorney General.** While the statute provides (section 6949, Snyder's St.) that an appeal is taken by the service of a notice upon the clerk of the court where the judgment is entered that the appellant appeals from the judgment, a similar notice to be served upon the prosecuting attorney, yet a general appearance entered by the Attorney General in a cause in this court is sufficient to give this court jurisdiction.

2.  **APPEAL—Sufficiency of Evidence.** Where competent evidence has been introduced in support of all the material allegations of an information, its weight and sufficiency to sustain a conviction is for the jury.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court; E. D. Reasor, Judge.*

Bill Blunt was convicted of an illegal sale of liquors, and he appeals. Affirmed.

*T. G. Cutlip,* for plaintiff in error.
*Fred S. Caldwell,* Counsel to the Governor, for the State.

DOYLE, JUDGE.   Plaintiff in error, Bill Blunt, was tried and convicted in the county court of Pottawatomie county of a

3 Cr.—29

violation of that provision of the prohibition ordinance which prohibits the conveyance of intoxicating liquors from one place within the state to another place therein. On the 30th day of April, 1908, he was sentenced to serve a period of 60 days in the county jail of said county and pay a fine of $100 and costs, "that he be confined in the county jail from and after the expiration of the jail sentence hereinbefore imposed for such time as it will require to satisfy said fine and costs by confinement at the rate of $2 per day," from which judgment defendant appeals.

On January 21, 1909, there was filed in this court his petition in error and case-made attached. On behalf of the state a motion has been filed to dismiss said appeal, which motion is as follows:

"Special Appearance and Motion to Dismiss. Comes now the State of Oklahoma by its attorney, Fred S. Caldwell, as counsel to the Governor, and, appearing specially herein for the purpose of this motion only, represents to this honorable court as follows: More than one year has elapsed since the rendition of the judgment from which plaintiff in error undertakes to prosecute this appeal, and no notices of appeal were ever served or filed as provided and required by section 6949 of the 1909 Comp. Laws of Okla. Wherefore, the state of Oklahoma says that this court is without jurisdiction to entertain said appeal and that the same should be dismissed at plaintiff in error's cost."

Upon an examination of the record we find that on the day said appeal was filed in this court there was also entered the appearance of the state by the Attorney General as follows:

"And now comes Chas. West, Attorney General of the state of Oklahoma, for and on behalf of said state, and waives the issuance and service of summons in error in the case above entitled and makes a general appearance for the state of Oklahoma in said cause. Dated this 21st day of Jan., 1909. Chas. West, Attorney General. Filed Jan. 21st, 1909. W. H. L. Campbell, Clerk."

While the statute provides (section 6949, Snyder's St.) that an appeal is taken by the service of a notice upon the clerk of the court, where the judgment is entered that the appellant appeals

from the judgment, a similar notice to be served upon the prosecuting attorney, yet a general appearance entered by the Attorney General in a case in this court is sufficient to give this court jurisdiction. The notice of appeal by which the adverse party is brought before this court corresponds to a summons in error, as provided for in civil cases before the Supreme Court, and a general appearance by the Attorney General where the defendant appeals will be equivalent to proof of service of notices of appeal required by statute. Section 6958, Snyder's St., provides:

"An appeal shall not be dismissed for any informality or defect in the taking thereof. If the same be corrected in a reasonable time after an appeal has been dismissed, another appeal may be taken."

Section 8642, Snyder's St., prescribing the duties of the Attorney General, in part provides:

"He shall appear for the state and prosecute and defend all actions and proceedings, civil or criminal, in the Supreme Court (the Criminal Court of Appeals), in which the state shall be interested as a party, and shall also when requested by the Governor or either branch of the Legislature, appear for the state and prosecute or defend in any other court or before any officer, in any cause or manner, civil or criminal, in which the state may be a party or interested."

While the mere waiver of the issuance and service of summons in error by the Attorney General is insufficient to give this court jurisdiction, there can be no question where he enters a general appearance as the authorized representative of the state in a case in this court this court thereby obtains jurisdiction of the cause. Therefore the motion to dismiss the appeal will be overruled, and we shall now consider the case upon its merits.

Eight assignments of error are set forth in the petition, and an elaborate argument has been made in support thereof.

But one question is presented by the first, second, third, fourth and fifth assignments; that is, the competency and sufficiency of the evidence to prove a public offense, the conclusion insisted on being that the verdict is not supported by sufficient evidence. The evidence in substance is as follows: Robert Neal,

the complaining witness, testified that he lived at Earlsboro; that on or about the 17th day of March, 1908, he saw the defendant, who lived at Earlsboro, going towards Shawnee in a two-horse wagon; that the next morning about 3 o'clock he was at defendant's house, and secured four barrels of whisky; that he saw them unloading the whisky about 3 o'clock in the morning; that he secured and delivered said whisky to the sheriff of Pottawatomie county.     E. A. Pierce, sheriff of Pottawatomie county, testified that he saw the defendant about six miles from Shawnee on or about the 17th of March, 1908, in a wagon going towards Earlsboro; that he had four barrels in a wagon; that he had a conversation with the defendant and two other men in the wagon with him, and asked them where they had been, and they said over to Shawnee; that he asked them, "What is this you have got?" and they said it was salt they were taking to the ranch for the cattle; that Mr. Robert Neal delivered to him the four barrels of whisky the next day; that the bottles were labeled, "Shawan Whisky Bourbon, Shawan Distillery Co., Kansas City, Mo." Defendant demurred to the evidence, which demurrer was overruled by the court, and the defendant excepted. Arthur Blunt, the only witness on the part of the defendant, testified that he had lived four or five years at Earlsboro, was the son of Bill Blunt, the defendant, was acquainted with Robert Neal; that the defendant lived with him at his home in Earlsboro; that Robert Neal came there on the night of the 17th of March some time after midnight and secured three or four barrels of something in the henhouse on his place; that he did not know who put them there. The demurrer to the evidence was properly overruled, and we have no hesitation in saying that the facts and circumstances shown are sufficient to support the judgment of conviction.

The sixth assignment is based upon the refusal of the court to give the following instruction, requested by defendant.

"Gentlemen of the jury, you are instructed that an interstate purchase of intoxicating liquor shipped from a point outside of the state of Oklahoma and consigned to a resident of the state of Oklahoma is not unlawful, and the consignee is permitted to trans-

port said consignment of intoxicating liquors where purchased as aforesaid from the depot or express office to the place of his domicile, and such transportation under such circumstances is not unlawful, and if you find from the evidence in this case that the barrels containing whisky, and to which the defendant is charged with unlawfully transporting, was purchased from the Shawan Distillery Company of Kansas City, Mo., to the defendant at Shawnee, Okla., then, and in that event, you are instructed that the transportation from the express office in Shawnee by the defendant to his domicile or home in Earlsboro was not unlawful, and if you so find your verdict should be for the defendant.

"Refused, and excepted to by Deft. E. D. Reasor, County Judge."

This instruction was properly refused by the court, there being no evidence showing or tending to show that said liquor was an interstate shipment.

The seventh assignment is that the court erred in giving instruction No. 4, which instruction is as follows:

"Gentlemen of the jury, you are instructed that the transportation or conveying of intoxicating liquor might have been done on the dates herein alleged as a lawful purchase, provided said purchase and transportation was shown by the defendant to come within the transportation and conveyance not prohibited by the Constitution of this state on that date, but that from the transportation of any quantity of intoxicating liquor not to be unlawful it is incumbent upon the defendant to prove by a fair preponderance of the competent evidence, that the same was purchased, conveyed, and transported by him for such scientific, industrial, or medical purposes as were permissible under the Constitution of the state on the 17th day of March, 1908."

This instruction appears to have been drawn upon the theory that some affirmative proof had been offered, showing that said liquor was a lawful purchase outside the state, and that the same was received as an interstate consignment. There was no evidence adduced tending to show this state of facts. The burden of proving the facts necessary to conviction devolve upon the state; and if, from all the evidence, a reasonable doubt exists in the minds of the jurors as to the guilt of defendant, he must be acquitted.

The court correctly charged the jury in all matters within the issues raised and upon the evidence adduced. There was no evidence offered showing or tending to show a lawful purchase of said liquor.

In conclusion, it is contended that the court erred in overruling and denying defendant's motion in arrest of judgment. There is no merit in this assignment.

For the reasons stated the judgment is affirmed.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.