JONAS JONES V. STATE.

No. A-178.  Opinion Filed March 30, 1910.

(107 Pac. 738.)

**STATUTES—Trial—Procedure — What Law Governs.** A defendant charged with the commission of a crime is entitled to be tried and dealt with under the laws as they existed at the time of the alleged commission of the offense of which he stands charged in all matters where such laws vouchsafe to him a substantial protection.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County; W. S. Farmer, Special Judge.*

Jonas Jones was convicted of crime, and appeals. Reversed and remanded.

*J. M. Humphreys* and *Ralls Bros.,* for appellant.
*Charles L. Moore,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE.  The Attorney General filed the following confession of error:

"The accused was indicted by a United States grand jury prior to statehood for an alleged offense charged to have been committed in the Indian Territory.  That the same was tried after statehood by the district court of Atoka county, before a judge *pro tempore* selected by the bar.  That the court as constituted denied the accused the right of trial under the laws of the United States in force in the Indian Territory at the time of the commission of the alleged offense, although the same was demanded, and exceptions saved to the court's said denial.  That the court held that the trial should be had and proceeded with according to the laws of the state of Oklahoma relating to crimes and punishment, and accordingly allowed the accused but nine peremptory challenges to the jury, all of which were exhausted and additional challenges demanded, exceptions being properly saved. The court refused to the accused, before trial, a list of the jurors, although the same was demanded, and exception saved to such refusal.  Such action of the court being in the opinion of the At-

3  Cr.—38

torney General manifest error, calculated to deprive the accused of substantial rights, error is accordingly hereby confessed for and upon behalf of the state."

The Attorney General is correct in each of the grounds upon which his confession of error is based. See *State v. Caruthers,* Okla. Cr. 428, 98 Pac. 474; *Sharp v. State, ante,* p. 24, 104 Pac. 71.

The confession of error is therefore sustained, and the cause is reversed and remanded for a new trial.

DOYLE and OWEN, Judges, concur.