One of the grounds relied upon in the motion for a rehearing is that the record discloses the fact that *Page 635 
the Hon. W.N. Maben presided over the court in which appellant was tried during part of the time when the testimony was being received and also at the time the verdict was rendered. This objection was not relied upon in the motion for a new trial, and was not incorporated in the petition in error, and was not presented upon appeal when the case was first submitted to this court, and the record fails to show that an objection was made in the lower court upon the part of appellant to the fact that Judge Maben presided over any part of his trial. The great weight of authorities is to the effect that there can not lawfully be a change of the presiding judge during the trial of a cause, but the authorities are not all to this effect.
"A change of the presiding judge during the trial of a cause is not necessarily a cause for reversal, unless some special harm or prejudice has resulted by reason of such change." (Ency. Pl. Pr., vol. 21, p. 1002.)
See, also, Hendrix v. Bell, 84 Ill. App. 523; Pegalow v.State, 20 Wis, 61; Lamphere v. State, 114 Wis. 193; Bullock v.Neal, 42 Ark. 279.
We take judicial notice of the fact that Judge Maben was the regular judge of the district court of Lincoln county, and as such he had authority to preside over the trial of all cases therein pending. In view of the fact that the objection now urged was made for the first time upon motion for rehearing, we are of the opinion that it comes too late. The other grounds relied upon in the motion for rehearing were all fully considered in the original opinion of this court.
Motion for rehearing is denied. *Page 636