## WALTER STEEN v. STATE.

No. A-244.   Opinion Filed March 21, 1911.

(114 Pac. 343.)

APPEAL—Case-Made—Preparation and Service—Time—Powers of
Special Judge.  A special county judge may fix the time within
which a case-made may be prepared and served, but he cannot
extend such time for preparing and serving such case-made.  If
an extension of such time is desired, it must be granted by the
regular county judge.

(Syllabus by the Court.)

*Appeal from Tulsa County Court; Thos. D. Lyon, Special Judge.*

Walter Steen was convicted of unlawfully conveying intox-
icating liquors, and he appeals.  Dismissed.

*Davidson & Malloy,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM.  Defendant was tried before Hon. Thomas
D. Lyon, a special judge.  Judgment was pronounced against him
on the 27th day of February, 1909.  Subsequently, on the 27th
day of April, 1909, said Thomas D. Lyon, acting as special judge,
granted an extension of 20 days in which the defendant might
prepare and serve a case-made.  A judge *pro tempore* is authorized
by our statute to fix the time within which a case-made may be
prepared and served, but after he has fixed such time and has
vacated the bench as such judge *pro tempore* he cannot
extend the time for preparing and serving such case-made.  See
*Rasberry v. State,* 4 Okla. Cr. 616, 103 Pac. 865, 112 Pac. 759.
If the defendant had desired an extension of time within which
to make and serve a case-made, he should have applied to the
regular judge of the county court for such extension.  The order
granting the defendant an extension of time within which he
might make and serve a case-made was therefore void.

The record in this case fails to show that a case-made was

ever prepared and served upon the county attorney, but does contain the following: "The foregoing case-made is true and correct. [Signed]. M. A. Breckinridge, County Attorney of Tulsa County, Oklahoma." If this statement had been filed within the time originally allowed by the judge *pro tempore* within which the case-made should be prepared and served, it might have been construed as a waiver of service on the part of the county attorney; but, as it was filed after the time originally granted by the special judge had expired, it is of no avail. We cannot do otherwise than strike the case-made in this case from the record. The transcript of the record is not properly certified to by the clerk of the county court of Tulsa county as a transcript of the record.

We therefore have no option to do otherwise than dismiss this appeal.