## BERT AUSTIN v. STATE.

No. A-810. Opinion Filed September 23, 1911.

(117 Pac. 1098.)

1. **APPEAL AND ERROR**—Time for Making Case—Service—Authority of Judge Pro Tempore. A county judge pro tempore, at the time of entering judgment, is authorized to fix the time for making a case and the time within which the case may be served, and fix the time for filing the petition in error and case-made in the Criminal Court of Appeals within the statute; but such judge cannot thereafter extend such time for making and serving such case-made. If an extension of time for making and serving such case-made is necessary, it must be granted by the regular county judge.

2. **COSTS**—Failure to Pay Costs—Imprisonment. Our statutes do not authorize imprisonment for a failure to pay the costs of the prosecution.

(Syllabus by the Court.)

*Appeal from Ottawa County Court; A. C. Wallace, Judge pro tempore.*

Robert Austin was convicted of a violation of the prohibition law, and appeals. Dismissed.

*O. F. Mason,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

DOYLE, J. Plaintiff in error was convicted of a violation of the prohibition law, and was sentenced to be confined in the county jail for a term of 30 days and pay a fine of $50 and the costs of the prosecution, taxed at $27.70, and that in default of the payment of said fine and costs he be further committed for one day for each two dollars of said fine and costs.

Judgment and sentence was entered on April 26, 1910. Defendant was allowed 30 days in which to make and serve a case-made. On May 26th he made application to A. C. Wallace, county judge *pro tem.,* for an extension of time of two days in . which to make and serve his case-made, which application was

allowed by the special judge. The record shows that the case-made was served on the 28th day of May. An appeal was taken by filing in this court, on June 25, 1910, a petition in error with case-made attached.

On August 9, 1910, Fred S. Caldwell, counsel for the Governor, filed a motion to strike the case-made, and dismiss the appeal, for the reason that said case-made was not served within the time named in the judgment, and that the said A. C. Wallace, as judge *pro tem.,* was without power to grant an extension of time within which plaintiff in error might serve his case-made. There has been no response to this motion. In the case of *Dobbs v. State,* 5 Okla. Cr. 475, 114 Pac. 358, Furman, P. J., in the opinion said:

"Under our system a special judge who presides at the trial of a case may fix the time within which a case-made may be prepared and served; but after he vacates the bench and loses control over the docket he has no power to grant an order extending such time. This has never been an open question in Oklahoma. For a full citation and discussion of all the authorities on this question, see *Rasberry v. State,* 4 Okla. Cr. 613, 634, 103 Pac. 865, 112 Pac. 759. If additional time is desired for preparing and serving a case-made, application should be made either to the regular judge of the district court, or to such judge as may be then presiding in said district, and is therefore the court; or the appellant may file a transcript of the record in this court within the time originally granted, and, having thus perfected his appeal and this court having acquired jurisdiction of the case, we have power, under section 6077 of Snyder's Comp. Laws of Oklahoma 1909, to grant the defendant such time as he may require to perfect and serve his case-made."

Under the uniform holding of this court heretofore, the motion to strike the case-made must be sustained.

It further appears that the record proper is not properly certified to by the clerk of the county court or the judge thereof. A certificate of the settlement of a case-made, signed by a judge *pro tem.,* does not constitute a certificate of a transcript of the record, which can only be made upon the certificate of the clerk of the county court, or the regular judge thereof. For

this reason there is neither a case-made nor a transcript before the court, and the motion to. dismiss the appeal must be sustained. We would suggest, however, that it is apparent that the part of the judgment and sentence, imposing the payment of the costs of the prosecution as a part of the :fine imposed, and imprisonment therefor, is erroneous. Our statutes only authorize imprisonment for the nonpayment of the .fine imposed, and the power to punish by fine and imprisonment, until such fine be paid, does not include the power to add to such fine the costs of the prosecution, and adjudge that upon a failure to pay such costs they shall be satisfied by imprisonment, as a part of the fine. *In re Harry, infra,* 117 Pac. 726.

For the reasons stated, the motion to dismiss the appeal is sustained, and said purported appeal is hereby dismissed.

FURMAN, P. J., and ARMSTRONG, J., concur.