## G. A. JOHNSTON v. STATE.

No. A-856.   Opinion Filed November 11, 1911.

(118 Pac. 674.)

**APPEAL AND ERROR—Case-Made—Extension of Time.** A special judge at the time of entering judgment is authorized to extend the statutory time of 30 days for making and serving a case-made, but, after he has fixed such time and has vacated the bench, he is without authority to extend the time.

(Syllabus by the Court.)

*Appeal from Coal County Court; D. D. Brunson, Special Judge.*

G. A. Johnston was convicted of violating the prohibitory law, and appeals. Dismissed.

*C. T. Gibson,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted of a violation of the prohibition law, and was sentenced to serve a

term of 30 days in the county jail, and to pay a fine of $100. The judgment and sentence was entered on May 21, 1910.

The trial was had before D. D. Brunson, special judge. At the time of entering judgment, the court notified the defendant of his right to appeal, and fixed the amount of his bail bond pending appeal, as well as the time in which such bond should be given and a petition in error filed in this court; and also made an order fixing 40 days as the time for making and serving a case-made, and 10 days to suggest amendments, to be signed and settled on five days' notice. Subsequently, on July 2, 1910, said special judge granted an extension of 15 days within which to make and serve a case-made in said cause. The record shows that the case-made was not served until July 12, 1910; this being 52 days after the judgment was rendered.

A special judge at the time of entering judgment is authorized by our statutes to extend the statutory time of 30 days for making and serving a case-made by fixing the time in which such case-made may be served, but, after he has fixed such time and has vacated the bench, such special judge is without authority to extend the time for making and serving such case-made. *Rasberry v. State,* 4 Okla. Cr. 613, 103 Pac. 865; *Id.,* 4 Okla. Cr. 634, 112 Pac. 759; *Steen v. State,* 5 Okla. Cr. 295, 114 Pac. 343. If an extension of time within which to make and serve a case-made became necessary, the plaintiff in error should have made application to said county court, or the regular judge thereof, for such extension. The order granting the extension of time within which to make and serve a case-made by the special judge herein was therefore void.

There is no transcript of the record, properly certified, contained in the record. On July 22, 1910, there was a further order of the special judge, purporting to extend the time until August 12, 1910, for filing the petition in error in the Court of Appeals. The special judge was without authority to make this order, and the same is therefore void.

For the reasons stated, the Attorney General has filed a motion to dismiss the pretended appeal. The motion is sustained.

The attempted appeal is therefore dismissed, and the cause remanded to the county court of Coal county, with direction to enforce its judgment therein.