## JONAS JONES v. STATE.

No. A-1162. Opinion Filed October 15, 1912.

Rehearing Denied April 15, 1913.

(130 Pac. 1178.)

1. APPEAL—Record—Transcript. A transcript of the record, not certified by the clerk of the district court, will not be considered on appeal.

2. SAME—"Case-Made"—"Transcript of Record." A "case-made" consists of those things which transpired in court during the trial, and which are not a part of the record, while a "transcript of the record" contains everything of which the clerk is required to make a record.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County;*
*Robert M. Rainey, Judge.*

Jonas Jones was convicted of murder, and his punishment assessed at confinement for life in the penitentiary, and he appeals. Dismissed.

See, also, 3 Okla. Cr. 593, 107 Pac. 738.

*James E. Whitehead,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. Section 6951, Comp. Laws 1909 (Rev. Laws, 5994-5997), regulates the manner in which an appeal must be taken. Among other things it provides as follows:

"The plaintiff in error shall attach to and file with the petition in error the original case-made filed in the court below, or a certified transcript of the record of said case. * * * The case and amendments shall be submitted to the judge who shall settle and sign the same and cause it to be attested by the clerk or county judge and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. Such original case-made shall be filed with the petition in error."

This statute was passed prior to statehood, and at that time many of the county judges did not have clerks. Therefore the provision for the county judge to attest a case-made in his court. A case does not become a case-made until it is made as above directed and filed with the papers in the case. Prior to such filing, the matters therein stated are no part of the record.

The case-made consists of those things which transpired in court during the trial, and which are not a part of the record. The certificate of the trial judge that these things happened is necessary to make them a part of the record and bring them before this court for review upon appeal. The transcript of the record is entirely another thing. It includes a copy of the record of the action, namely, the indictment, the clerk's minutes of the trial, the charges given or refused, and the indorsements, if any, thereon, the verdict, and a copy of all orders or ljudgments of the court in the case. In fact, it contains everything of which the clerk is required to make a record. See section 6919, Comp. Laws 1909 (Rev. Laws, 5960). It is seen from this statute that a party appealing may bring up the entire case for review, if he so desires, which will include the case-made and transcript of the record, or if he desires, he may appeal alone upon a case-made or a certified transcript of the record.

There is in this record what purports to be a case-made, but upon an examination we find that it lacks every element of a case-made. This case has been before us once before. The first appeal will be found in 3 Okla. Cr. 593, 107 Pac. 738. The opinion was delivered on the 30th day of March, 1910, and the case was reversed and remanded for a new trial.

More than two-thirds of what purports to be the case-made now before us relates entirely to the first trial of this cause, and purports to be a copy of the record of that trial, and states matters which did not occur upon the second trial, and of which the judge, who presided at the second trial, could

have no personal knowledge, because he did not preside at the first trial.

We have not overlooked the case of *Day v. State,* decided at the May term of this court. See 7 Okla. Cr. 276, 123 Pac. 436. Judge Doyle, speaking for the court, there said:

"An application for a change of venue and affidavits in support thereof, and proceedings had thereon, are not properly a part of the record, and can only be presented for review on appeal by incorporating the same into a bill of exceptions, as provided by · article 12 of Procedure Criminal (Comp. Laws 1909, secs. 6885-6894, Rev. Laws, 5936-5945), or by a case-made. Only the record proper can be reviewed by this court on appeal by transcript under the certificate of the clerk of the trial court. For this reason, the question argued by the defendant's counsel cannot be reviewed upon the record before us."

This is in harmony with the views herein expressed, because the application for a change of venue and the affidavits in support thereof set out in this pretended case-made were presented to and passed upon by another judge. If appellant had desired to make these things a part of the case-made, he should have presented them in proper form to Judge Rainey, who tried this case, otherwise it would be legally impossible for Judge Rainey to certify to them. Therefore we cannot consider the application and affidavits contained in this pretended case-made, which were presented to and passed upon by a preceding judge, and their improper incorporation in this record does not make . it a case-made. It is true that the order granting the change of venue is properly in the record, because it purported to be a judgment of the court; but we cannot consider it because not certified to by the clerk of the court, as the law directs. That portion of the purported case-made now before us, which relates to the second trial of this cause, contains nothing except a copy of the clerk's minutes of the trial, the verdict, the motion in arrest of judgment, and the order of the court thereon, and the final judgment of the court. These things were all matters of record, and, if appellant desired to bring them before us, he should have had the transcript ·

of the record properly certified by the clerk of the court as the law requires. A judge cannot certify to the records of his court, because he is not the custodian of such record, save and except in those cases where a county judge has no clerk, and he performs the clerical work himself.

As was said by Judge Doyle in the case of *Day v. State, supra*:

"Only the record proper can be reviewed by this court on appeal by transcript under the certificate of the clerk of the trial court. For this reason, the question argued by the defendant's counsel cannot be reviewed upon the record before us."

In the case of *Cohn v. State*, 4 Okla. Cr. 492, 113 Pac. 219, Judge Richardson, speaking for this court, said:

"A transcript of the record proper can be authenticated only by the custodian of the record, and this the special judge is not. The regular judge of the county court is the custodian of the records of the county court just as the clerk of the district court is the custodian of the records of that court."

This case was tried before a special judge in the county court of Pittsburg county, and the special judge attempted to verify a transcript of the record, and the appeal was dismissed on the ground that he was not the custodian of the records.

In the case of *Durant v. State*, 3 Okla. Cr. 447, 106 Pac. 651, this court said:

"A transcript of the record, not certified to by the clerk of the district court, will not be considered on appeal."

In the case of *Sampson Lewis v. State*, 3 Okla. Cr. 449, 106 Pac. 647, this court said:

"There is no certificate of the clerk of the district court to what purports to be the transcript of the record. The clerk must certify to the accuracy of the transcript. There is nothing before this court which we can consider."

In the case of *Davis Makatch v. State*, 5 Okla. Cr. 34, 113 Pac. 200, this court said:

"Where an appeal is attempted to be taken upon a transcript of the record, the clerk of the court, from which the appeal is taken, must certify that the transcript contains a

true and correct copy of the record of the proceedings of the lower court."

In the case of *Dobbs v. State*, 5 Okla. Cr. 481, 115 Pac. 371, this court said:

"Where an attempt is made to appeal a case unless the provisions of the law regulating the manner of taking an appeal are complied with, this court does not acquire jurisdiction of such case."

If the record before us had been properly certified by the clerk of the district court of Atoka county, we could consider this appeal as upon a transcript of the record. But there is no such certificate in the record. The time for preparing and filing a certified transcript of the record has long since expired. Our statute upon the subject of appeals is so simple that even a child should understand it, and it has been so often construed by this court that we are at a loss to understand why lawyers will continue to attempt to take appeals without making the least effort to comply with the statute.

For the purpose of preventing further litigation with reference to this case, we will say that the proposition attempted to be raised by counsel for appellant is stated in his brief as follows:

"The plaintiff in error was indicted in the United States Court for the Central District of the Indian Territory, at Atoka, prior to the admission of the state into the Union. After statehood the district court of Atoka county, Okla., assumed jurisdiction of the cause, and thereafter, upon May 18, 1908, plaintiff in error was granted a change of venue to the district court of Coal county. Thereafter, upon May 30, 1908, the court adjourned the May, 1908, term until court in course. Thereafter, upon July 18, 1908, a stipulation to withdraw the change of venue was filed by the county attorney, and Ralls Bros. and James M. Humphrey, attorneys, then representing plaintiff in error, but no order was made in either the district court of Atoka county or the district court of Coal county setting aside or canceling the order for the change of venue, or in any way changing or modifying the order made at the previous term of the court. Plaintiff in error was thereafter tried

in the district court of Atoka county, convicted, sentenced to the penitentiary for life, and appealed his case to this honorable court, where it was reversed. See 3 Okla. Cr. 593 [107 Pac. 738]. The case was remanded to the district court of Atoka county, Okla., where plaintiff in error was again tried at the October, 1910, term thereof, and again convicted and sentenced to life imprisonment in the state penitentiary. The plaintiff in error filed a motion in arrest of judgment, which motion was by the court overruled, and plaintiff in error now again appeals to this court. * * * The said district court of Atoka county, Okla., erred in again attempting to assume jurisdiction of the said cause and in forcing plaintiff in error to go to trial, over his objections, when an order changing the venue in this action to Coal county had been granted upon the 18th day of May, 1908, by which said order the said district court of Atoka county, Okla., lost jurisdiction of the said cause. That the said order changing the venue to Coal county, Okla., still remains in full force and effect. That the same has never been vacated, neither has any attempt ever been made to vacate the same or to have the order annulled or set aside. That the said district court of Atoka county, Okla., was without jurisdiction to hear and determine the said cause."

Even if everything claimed by counsel for appellant was properly before us, he would be confronted with the difficulty: It appears from the pretended case-made that the application for a change of venue and the affidavits in support thereof were first presented to Hon. A. T. West, the regularly elected judge of the district court of Atoka county, and that on the 12th day of May, 1908, such application for a change of venue was denied by him. On the 18th day of May thereafter we find the following order or judgment in the record before us:

"State of Oklahoma v. Jonas Jones. This cause coming on upon the motion to set aside former order of A. T. West, judge, overruling motion for change of venue. The court having heard the motion read and argument by attorneys for both state and defense, and being fully advised in the premises, finds that a change of venue should be granted. It is therefore ordered that this cause be, and it is hereby sent to Coal county for trial, and the clerk is ordered to make up transcript and

transfer same to district court of Coal county, Okla. [Signed] W. S. Farmer, Special Judge."

It is also made to appear in the record that on the same day on which this order was entered, and before the order was made, W. S. Farmer was elected by the bar and took the oath of office as special judge of the district court of Atoka county to try this case. At the time of this attempted election by the bar of a special judge, there was no law providing the machinery for the election of a special judge; neither does the record show that Judge West was disqualified or was unable to preside at the trial of this case. Neither the lawyers in a case nor the entire bar can take a case out of the hands of the regular judge in this way. The regular judge must be disqualified from trying the case. Judicial power cannot be conferred in this manner.

Section 194, Williams' Const. Okla., among other things provides:

"In the event any judge shall be disqualified for any reason from trying any case in his district, the parties to such case may agree upon a judge *pro tempore* to try the same, and if such parties cannot agree, at the request of either party a judge *pro tempore* may be elected by the members of the bar of the district, present at such term. If no election for judge *pro tempore* shall be had, the Chief Justice of the state shall designate some other district judge to try such case."

This section of the Constitution is not self-executing, and did not go into effect until section 2014, Comp. Laws 1909 (Rev. Laws, 5814), was enacted by the Legislature, which provides the machinery for the election of a special judge. This law was not passed until the 22d day of March, 1909. The election, therefore, of Mr. W. S. Farmer to sit as special judge in this case was void, and he was not a judge either *de facto* or *de jure,* and had no right, or shadow of right, to set aside the previous order of Judge West overruling the motion for a change of venue, and such pretended order was void.

This question was not passed upon on the previous appeal, because at that time the members of this court were divided in

opinion as to whether or not the provision of the Constitution, providing for the election of a special judge, was self-executing. 'At that time the writer was inclined to think that it was self-executing; the other members of the court questioned this. Upon more mature reflection, we unanimously reached the opinion that such was not the case. It was on account of this conclusion that the Act of February 22, 1909, was passed by the Legislature. So even if the question attempted to be presented was properly raised by the record, this conviction would be affirmed. This court has not acquired jurisdiction of this cause. The record before us is a nullity.

The attempted appeal must be dismissed, with directions to the district court of Atoka county to proceed with the execution of its judgment.

ARMSTRONG and DOYLE, JJ., concur.