### GARNETT SMISER v. STATE.

No. A-3685.    Opinion Filed May 25, 1921.
(198 Pac. 110.)

(Syllabus.)

1.    **Appeal and Error—Case-Made—Extension of Time—Authority of Judges.** A district judge, who has been assigned by order of the Chief Justice to hold court in a county outside of the district in which he is elected, has no authority, after the expiration of the time fixed in the order assigning him to hold court in said county, to grant an extension of time in which to prepare and serve case-made, in a case tried before him while lawfully holding court in such county.

2.    **Same—Case-Made not Served in Time—Effect.** Where the case-made is not prepared and served within the time fixed by a valid order of the court or judge, the same will be stricken and the appeal considered on transcript of the record when such a transcript is attached to petition in error, and the appeal is perfected within the statutory period.

3.    **Same—"Record Proper."** The record proper includes the following papers: (1) The indictment and copy of the minutes

of the plea or demurrer; (2) a copy of the minutes of the trial; (3) the charges given and refused; (4) a copy of the judgment.

4.  **Same—Lack of Record of Evidence—Review of Instructions.** Where the alleged errors in the giving of and refusal to give requested instructions involve a consideration of the evidence, and the evidence is not before the court in the appeal, the appellate court cannot determine the merits of the trial court's action in such respects.

5.  **Appeal and Error—Burden to Show Error Prejudicial.** It is well established that error alone is not sufficient to authorize the reversal of a judgment of conviction in a criminal cause under the statutory provisions of this state, but error plus injury is required, and the burden is upon the appellant to affirmatively establish that the error, if any, was prejudicial to his substantial rights.

Appeal from District Court, Atoka County; A. A. McDonald, Assigned Judge..

Garnett Smiser was convicted of manslaughter, and he appeals. Affirmed.

J. G. Ralls, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Garnett Smiser, attempts to appeal from a judgment of conviction of manslaughter rendered against him in the district court of Atoka county on the 18th day of July, 1919. The attempted appeal is lodged in this court by filing on the 15th day of January, 1920, a purported case-made, and also a duly certified transcript of the record, with petition in error attached.

The Attorney General has filed a motion in effect to strike the case-made and consider the appeal on the transcript alone. The Attorney General's motion is as follows:

"It is disclosed by page 7 of the case-made that this case was tried before Hon. A. A. McDonald, judge of the district court of the Twenty-Seventh judicial district of this state, under an order of the Chief Justice to hold court at Atoka

in the Twenty-Sixth district for two weeks beginning Monday, July 7, 1919, and including Saturday, July 19, 1919. Judgment was rendered and a motion for a new trial overruled on July 18, 1919. (Record, 215.) In the order overruling the motion for a new trial plaintiff in error was given 90 days from that date in which to prepare and serve case-made, and the 90 days expired on the 16th day of October, 1919. The case-made was not served upon the county attorney or upon counsel for the state until the 29th day of October, 1919 (Record, 225), which was 13 days after the time allowed had expired. On page 222 of the record is a purported order to extend the time in which to have the case-made prepared, which order is entered on October 1, 1919, giving plaintiff in error until November 1st of that year in which to prepare and serve case-made, and which order was signed by Judge McDonald.

"It is our contention that this order attempting to extend the time in which to prepare and serve case-made is a nullity for the reason that Judge McDonald had no authority to sign the same. The court in numerous cases has laid down the rule that the regular judge of the district court, and not a judge pro tempore, is the only judge who may extend the time in which to prepare and serve case-made, and that an extension made by a judge pro tempore is void. Rasberry v. State, 4 Okla. Cr. 613, 103 Pac. 865; Steen v. State, 5 Okla. Cr. 295, 114 Pac. 343; Dobbs v. State, 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370; Johnston v. State, 6 Okla. Cr. 354, 118 Pac. 674.

"On page 226 of the record is a certificate of the court clerk to the effect that the record is a true transcript of the pleadings, motions, and proceedings had in the cause. Therefore the only matters in the record which may be properly considered by this court are the indictments, the court minutes of the trial, the instructions given by the court, the indorsements thereon, if any, the verdict of the jury, and a copy of all orders and judgments of the court on the case. Jones v. State, 9 Okla. Cr. 189, 130 Pac. 1178."

Counsel for defendant has replied to the motion, and, while admitting that the assigned trial judge made an order

attempting to extend the time in which to serve the case-made after his term as assigned judge had expired for holding court in Atoka county under the order of the Chief Justice of the Supreme Court, nevertheless counsel contends, under authority of Curlee et al. v. Ruland, 47 Okla. 519, 149 Pac. 1149, the assigned judge, being a regular district judge and a state officer, had authority and jurisdiction to make said order.

The case of Curlee et al. v. Ruland, supra, is not directly in point, but has reference to the authority of an assigned judge to sign, settle, and certify to the correctness of a case-made in a cause tried before him, while assigned to hold court in another district than his own and after the expiration of the time fixed by the Supreme Court for holding court in the outside district.

It is evident from the decision in Curlee et al. v. Ruland that the Supreme Court makes a distinction as to the authority of an assigned district judge to sign, settle, and certify to the case-made after the expiration of the time fixed for holding court in the district other than his own, and the authority of such judge to grant additional extensions of time to make and serve case-made after the expiration of the time fixed in the order of the Supreme Court; for, in speaking of the case of Dobbs v. State, 5 Okla. Cr. 480, 114 Pac. 358, 115 Pac. 370, decided by this court, the Supreme Court in the body of the opinion in the Curlee Case say:

"The precise question decided in that case (Dobbs Case) was that the trial judge, who had been assigned to hold court outside of his district, after he had vacated the bench, and after an order allowing an extension of time made by him had expired, was without power to grant an additional extension of time to make and serve case-made, which holding is in harmony with the former decisions of this court."

In the later case of First National Bank of Mountain Park v. School District No. 65, Tillman County, 65 Okla. 233, 164 Pac. 102, the Supreme Court, speaking by Hardy, Justice (the justice who wrote the opinion in Curlee et al. v. Ruland, supra), held:

"A district judge who has been assigned by order of the Chief Justice to hold court in a county outside of the district in which he is elected has no authority, after the expiration of the time fixed in the order assigning him to hold court in said county, to grant an extension of time in which to prepare and serve case-made, in a case tried before him while lawfully holding court in such county."

To the same effect is the decision of the Supreme Court in Osborne v. Chicago, Rock Island & Pacific Railway Co., 45 Okla. 817, 147 Pac. 301.

The decisions of this court and of the Supreme Court both support the contention of the Attorney General that the assigned judge was without authority, after the expiration of the time fixed in the order assigning him to hold court in Atoka county, to grant an extension of time in which to prepare and serve a case-made. These decisions were rendered long prior to the time the purported order made by the assigned judge extending the time for such service was entered in the instant case.

The motion of the Attorney General to strike the case-made is therefore sustained, and the purported case-made is stricken from the files.

This leaves the appeal to be considered upon the transcript of the record alone.

The record proper only includes the following papers: (1) The indictment and a copy of the minutes of the plea or demurrer; (2) a copy of the minutes of the trial; (3) the

charges given or refused and the indorsements, if any, thereon; (4) a copy of the judgment. Section 5960, Revised Laws 1910; Reed v. U. S., 2 Okla. Cr. 652, 103 Pac. 371; Humphrey v. State, 3 Okla. Cr. 506, 106 Pac. 978, 139 Am. St. Rep. 972; Day v. State, 7 Okla. Cr. 276, 123 Pac. 436.

The only matters in the record, therefore, which may be properly considered by the court under this appeal are the foregoing papers, which constitute the record proper. Day v. State, supra.

Counsel raise no question, involving a consideration of the information or judgment or anything that could be raised as shown by the minutes of the trial. Counsel do, however, contend that the trial court erred in giving certain instructions in the general charge to the jury, and in refusing to give other instructions requested by counsel for defendant.

An examination of the record discloses that counsel for defendant requested the court to give certain instructions on abstract propositions of law involving the principles of reasonable doubt and the presumption of innocence. An examination of the record also discloses that these questions were properly and sufficiently covered in the general charge.

Counsel for defendant also requested the trial court to give an instruction upon circumstantial evidence. If the conviction were based solely upon circumstantial evidence, the refusal to give this instruction would have been erroneous. Rutherford v. U. S., 1 Okla. Cr. 194, 95 Pac. 753; Matthews v. State, 8 Okla. Cr. 676, 130 Pac. 125.

On the other hand, were the evidence not entirely circumstantial, the refusal to give this instruction would not have been erroneous. Hendrix v. U. S., 2 Okla. Cr. 240, 101 Pac. 125; Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102; Star v. State, 9 Okla. Cr. 210, 131 Pac. 543.

In any event the question involves a consideration of the evidence, and, as the evidence is not before us in this appeal, we necessarily are precluded from a determination of the merits of the court's action in this respect.

It is also contended that the trial court erred in giving a certain instruction relative to the law of self-defense. The particular instruction complained of apparently places too great a burden upon defendant to substantiate the defense of self-defense, and for that reason is not a correct statement of the law on that subject, and in a case where self-defense was relied upon and there was evidence to substantiate the same, the giving of the instruction over the objection and exception of defendant would be reversible error.

However, the Legislature of this state, by section 6005, Revised Laws 1910, has absolutely stripped this court of authority to reverse a judgment of conviction "on the ground of misdirection of the jury, * * * * * unless, in the opinion of the court, * * * * * after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Even if the defense of self-defense were interposed, and defendant's own evidence disclosed that he was guilty of the crime for which he was convicted, this court has repeatedly refused to reverse such a conviction because of errors in the instructions. Fitzsimmons v. State, 14 Okla. Cr. 80, 166 Pac. 453; Maynes v. State, 6 Okla. Cr. 487, 119 Pac. 644.

It follows, therefore, that in order to give effect to section 6005, supra, in dealing with the question of whether or not the giving of the instruction complained of constituted reversible error, the court would have to consider the transcript of the evidence to determine whether or not the trial probably re-sulted in a miscarriage of justice, or whether or not there was any substantial merit in the defense interposed. Without the

record of the evidence before us, a determination of the merits of this question would be merely speculative.

Giving an erroneous instruction on self-defense would not constitute reversible error where there was no evidence to authorize even the giving of an instruction on self-defense (Smith v. State, 14 Okla. Cr. 250, 174 Pac. 1107), as in the foregoing case this court held that it was proper even to refuse an instruction on the law of self-defense where there was no evidence to warrant its giving.

Supposing, as heretofore stated, that defendant's own evidence disclosed his guilt of the crime, an erroneous instruction on self-defense would not be prejudicial. Supposing again that there was no evidence to authorize the giving of an instruction on self-defense, it is equally apparent that an erroneous instruction on that subject would not be prejudicial.

It is well established that error alone is not sufficient to authorize the reversal of a judgment of conviction in a criminal cause under the statutory provisions of this state, but error plus injury is required, and the burden is upon the appellant to affirmatively establish that the error, if any, was prejudicial to his substantial rights. Without the evidence before us in this case, we cannot say that there could be no supposed state of the evidence, under the issue of self-defense, which would render the giving of the instruction complained of harmless. The burden is on defendant to show that under the issues the instruction complained of was not only erroneous, but in addition thereto prejudicial to him.

Having failed to properly bring this cause before the court by case-made, the court is not empowered to construe the instruction as applied to the evidence; and under the circumstances, therefore, by reason of the existing statutes of this state, considering the appeal upon the transcript of the record alone, the judgment must be affirmed.

It is so ordered.