### HATTIE M. BOWLES v. STATE.
No. A-3562.    Opinion Filed Sept. 12, 1921.
(200 Pac. 558.)

(Syllabus.)

**Appeal and Error—Case-Made—Invalid Extension by Special Judge.** After a special judge has ceased to sit as a court he has no power to extend the time for making and serving a case-made in any action tried before him, and when he attempts to do so his act is a nullity.

Appeal from County Court, Bryan County; C. B. Cochran, Special Judge.

Hattie M. Bowles was convicted of the offense of concealing a person to avoid habeas corpus, and she appeals. Appeal dismissed.

Deck & Newman, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

PER CURIAM. Plaintiff in error, Hattie M. Bowles, hereinafter referred to as defendant, was convicted of the offense of concealing a person to avoid habeas corpus, and her punishment was fixed at a fine of $25.

The record discloses that judgment was rendered on February 28, 1919, at which time the judge pro tempore granted defendant 40 days from that date within which to prepare a case-made. On April 8, 1919, the judge pro tempore granted defendant an extension of 60 days from that date within which to prepare and serve case-made. The case-made was served on the county attorney on June 2, 1919, which was after the expiration of the 40 days originally given defendant in which to prepare and serve case-made.

A special judge may fix the time within which a case-made may be prepared and served, but he cannot extend such time for preparing and serving such case-made. If an extension of such time is desired, it must be granted by the regular judge. Smiser v. State, 19 Okla. Cr. 86, 198 Pac. 110; Johnston v. State, 6 Okla. Cr. 354, 118 Pac, 674; Austin v. State, 6 Okla. Cr. 177, 117 Pac. 198; Steen v. State, 5 Okla. Cr. 295, 114 Pac. 343; Dobbs v. State, 5 Okla. Cr. 475, 114 Pac. '358, 115 Pac. 370; Rasberry v. State, 4 Okla. Cr. 613, 103 Pac. 865. The case-made is therefore void, and no transcript of the record, properly certified, is attached to the petition in error.

The Attorney General has filed a motion to dismiss the attempted appeal for the reason that the special judge had no authority to extend the time for preparing and serving the case-made. In response to said motion, counsel for de-

fendant quotes the following language from chapter 218, Session Laws 1917:

"* * * And at the expiration of such time for suggesting amendments, or thereafter, the judge of the court shall, at the suggestion of either party, without further notice, examine the case-made, together with any suggested amendments, and settle and sign the same, according to the true facts of the case, and direct its attestation, sealing and filing by the clerk"

—and contends that this portion of said statute makes it unnecessary to obtain an extension of time to perfect an appeal. We do not so construe such language. Chapter 218, supra, amends section 5242, Revised Laws 1910, by providing for a different method of serving the case-made when defendant in error is a nonresident of the state and has no attorney of record in the court where the case was tried, or where there are more than two defendants in error, and by preventing the dismissal of appeals in certain cases. There is nothing in this amended statute which gives a special judge authority to extend the time for preparing and serving a case-made, or permits the case-made to be served after the expiration of the time legally given within which such service must be made.

As stated, this amended statute merely provides an additional method of serving a case-made in certain cases, and in no way indicates that a special judge, who is without authority after the case has been tried, except to sign and settle the case-made, may grant additional time in which to prepare and serve the case-made, nor does said statute in any way indicate that no extension of time in which to prepare and serve case-made is necessary in order to perfect the appeal. The identical question here involved has been decided adversely to the contentions of plaintiff in error in the following decisions of the Supreme Court of this state: McGuire

v. McGuire, 78 Okla., 164, 189 Pac. 193; Rogers v. Bass & Harbour Co., 47 Okla. 786, 150 Pac 706. In the foregoing cases it is held:

"After a special judge has ceased to sit as a court, he has no power to extend the time for making and serving a case-made in any action tried before him, and when he attempts to do so his act is a nullity."

For the reasons given, the motion of the Attorney General is sustained, and the appeal is dismissed.