### BOSWELL v. INGRAM et al.

No. 13512—Opinion Filed Nov. 25, 1924.

Appeal and Error—Case-Made—Extension of Time—Power of Assigned Judges.

A district judge assigned to hold court outside of his district has no authority after the expiration of the time fixed in the order of assignment to grant an extension of time for preparing and serving case-made in the case tried before him under such assignment.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County; C. C. Smith, Assigned Judge.

Action between W. L. Boswell and James Ingram et al. From the judgment plaintiff appeals. Appeal dismissed.

W. L. Boswell and H. M. Carr, for plaintiff in error.

Bowling & Farmer, for defendants in error.

Opinion by JONES, C. This is an appeal from the district court of Garvin county, Okla. The cause was tried on the 21st day of December, 1921, before the Hon. C. C. Smith, judge assigned to Pauls Valley, Garvin county, Okla., to hold a term of court, commencing on the __ day of December, 1921, and ending on the 24th day of December, 1921. The record discloses that Judge Smith was a resident of Guthrie, Logan county, Okla., and the presiding judge of that judicial district.

The petition in error with case-made attached was filed in this court on the 20th day of June, 1922. Defendants in error filed motion to dismiss the appeal for the reason that the case-made was not served within the time allowed by a valid order of the court. The record discloses that the judgment complained of was rendered on the 24th day of December, 1921, at which time the assigned judge, to wit, C. C. Smith, granted plaintiff 90 days in which to prepare and serve case-made. On the 20th day of March, 1922, Judge C. C. Smith granted plaintiff in error 40 days additional time in which to prepare and serve case-made. The case-made was served on the 28th day of April, 1922, which was after the expiration of the 90 days originally given plaintiff in error in which to prepare and serve case-made. The last extension of time granted being a nullity, and the appeal not being filed until after the expiration of the 90 days originally given, is insufficient to give this court jurisdiction of the cause. Bowles v. State, 19 Okla. Cr. __, 200 Pac. 558; Smiser v. State, 19 Okla. Cr. __, 198 Pac. 110; Johnston v. State, 6 Okla. Cr. 354, 118 Pac. 674.

In these cases this court announced the following rule:

"A district judge assigned to hold court outside of his district has no authority after the expiration of the time fixed in the order of assignment to grant an extension of time for preparing and serving case-made in the case tried before him under such assignment."

If an extension of such time is desired it must be granted by the regular judge, which we regard as the correct rule, except that the judge assigned to try the cause, of

course, might be reassigned to the same district, and while acting there under an assignment by the Chief Justice of the Supreme Court, we think would be authorized to grant an extension of time, but from the record in this case, it does not appear that Judge Smith was presiding over the district court of Garvin county, or that he had been assigned there at the time he granted an additional extension of 40 days, and in keeping with the authorities cited and the opinions of this court formerly rendered, we recommend that the motion to dismiss the appeal be granted, and the appeal dismissed.

By the Court: It is so ordered.